CHARLES SANTINI ET AL. *v.* GABBY DEEB
(2426)

DUPONT, Acting C.P.J., HULL and SPALLONE, Js.

Argued October 2—decision released November 13, 1984

*Bruce L. Levin,* with whom, on the brief, was *Serge G. Mihaly,* for the appellant (plaintiff Oswaldo Santini).

*Jeffrey L. Williams,* with whom, on the brief, was *Carl F. Yeich,* for the appellee (defendant).

*Kevin A. Coles,* for the garnishee Covenant Insurance Company.

PER CURIAM. The plaintiff[1] appeals[2] from the trial court's denial of his application for a prejudgment remedy. The plaintiff claims that the trial court's failure to find probable cause to issue a garnishment was clearly erroneous.

The defendant operated a grocery store in premises leased from the plaintiff. On February 26, 1982, a fire caused great damage to the premises. The plaintiff's complaint alleges that the fire and the plaintiff's damages were proximately caused by the negligence of the defendant in that he failed to lock the doors, thus allow-

---

[1] Charles and Oswaldo Santini are the plaintiffs, but only Oswaldo Santini is named as a lessor in the lease involved. Any reference to the plaintiff herein is to Oswaldo Santini.

[2] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

ing persons unknown to enter the premises and cause destruction, and in that he maintained flammable liquids on the premises.

The plaintiff seeks a prejudgment remedy to garnish the Covenant Insurance Company as it is the debtor of the defendant.

At the hearing on the application, the plaintiff produced witnesses who testified that the front and back doors of the grocery store were unlocked, and that an accelerant (gasoline) was used to start the fire. The plaintiff did not elicit any testimony that the defendant had flammable liquids on the premises.

The court in its oral memorandum of decision found as follows: "Testimony was elicited that, upon arriving at the scene, the firefighters discovered that the back door was not secured and was unlocked. It was later determined by an investigator that, indeed, the front door of the premises also was not secured, and the door was unlocked. These are the premises that were occupied by the defendant Deeb under a lease. There was no testimony presented that the defendant, Gabby Deeb, maintained highly flammable and combustible liquids on the premises.

"The court finds that even if upon the trial of this matter it was demonstrated that the defendant Gabby Deeb was negligent in failing to secure and lock the premises, a fire at the premises would not have been proximately caused by his failure to so lock and secure the premises.

"Accordingly, the motion for prejudgment remedy is denied."

Although the court's finding is not entirely clear, a reasonable reading of it supports a finding that the front and back doors of the store were found unlocked by the firefighters who arrived at the scene. There was

no direct evidence as to how the premises came to be unlocked at the time of the fire. There was also no evidence from which the court could find probable cause that the defendant's negligence, if any, in leaving the store unlocked, was the proximate cause of the claimed arson and the resulting damages.

The plaintiff states in his brief: "Since 'the factual and practical considerations of everyday life on which reasonable and prudent men act' would lead a prudent person to recognize that in Bridgeport in 1982 vandals would at least enter the premises of an unlocked commercial facility, the defendant's negligence was a proximate cause of the plaintiff's damages." No evidence was adduced at the hearing to substantiate this naked claim of counsel. Such an unsupported and speculative statement falls short of meeting the standard of proof in a probable cause hearing.

In discussing the trial court's role in determining probable cause in a prejudgment remedy hearing, the Supreme Court stated the appellate rule as follows: "In reaching its determination of probable success on the merits it is essentially weighing probabilities, and in this it must have a broad discretion. In the absence of clear error, this court should not overrule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised and to weigh the credibility of at least some of the witnesses." *Augeri* v. *C. F. Wooding Co.,* 173 Conn. 426, 429, 378 A.2d 538 (1977); see also *Three S. Development Co.* v. *Santore,* 193 Conn. 174, 176, 474 A.2d 795 (1984); *Babiarz* v. *Hartford Special, Inc.,* 2 Conn. App. 388, 393–94, 480 A.2d 561 (1984). Under the circumstances of the present case, we conclude that the decision of the trial court was not clearly erroneous.

There is no error.