INTERNATIONAL HARVESTER CREDIT CORPORATION
*v.* JOHN R. GILLIS
(2755)

DUPONT, C.P.J., BORDEN and NOREN, Js.

Argued April 18—decision released July 16, 1985

*Steven M. Reilly,* for the appellant (defendant).

*Kathleen C. Stone,* for the appellee (plaintiff).

NOREN, J. This is an appeal from the granting, after an evidentiary hearing, of a prejudgment remedy of replevin pursuant to the provisions of General Statutes §§ 52-278a to 52-278d. The defendant has appealed on the ground that the plaintiff did not meet its burden of establishing probable cause to sustain the validity of its claim.

Before discussing the merits of the appeal, it is necessary to deal with the plaintiff's motion to dismiss the appeal which was made prior to oral argument in this court. The defendant does not contest that subsequent to the hearing in the trial court it petitioned the United States Bankruptcy Court pursuant to 11 U.S.C. §§ 1301 through 1330, and that a trustee in bankruptcy has been appointed. No motion has been made for substitution of the trustee to pursue this appeal, either by the trustee or by the defendant. The plaintiff argues that the defendant has lost the capacity to prosecute this appeal and that the appeal should be dismissed for failure to prosecute. Practice Book § 3109. The plaintiff does not argue that this court is without jurisdiction to hear the appeal or that the appeal is stayed, but that the appeal has not been pursued with diligence because of the failure of the trustee to be substituted as a party.

Since an appeal filed by a debtor need not be stayed because of the pendency of a bankruptcy petition, and may be pursued by the debtor, rather than the trustee in bankruptcy, the motion to dismiss the appeal is denied. *Knights of Columbus Federal Credit Union* v. *Salisbury,* 3 Conn. App. 201, 211 n.10, 486 A.2d 649 (1985).

We turn now to the merits of the appeal. Evidence was presented in the trial court that the plaintiff had sold to the defendant, pursuant to a retail installment sales contract, a model TD20E bulldozer. By means of cross collaterizing, the plaintiff obtained a security interest in several other pieces of equipment. Eventually the dozer was repossessed and sold, the plaintiff claiming a deficiency of $14,186.95. Among the other pieces of equipment cross collaterized was a crawler tractor which is the subject of this replevin and of this appeal.

The defendant claims that the trial court was required to make a determination that the sale of the dozer, which is not the subject of the replevin, was reasonable, in order to establish a deficiency owed to the plaintiff. The duty of the trial court at a hearing on an application for a prejudgment remedy is "limited to a determination of whether or not there is probable cause to sustain the validity of the plaintiff's claim." General Statutes § 52-278d. "The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* 172 Conn. 577, 584, 376 A.2d 60 (1977)." *Three S. Development Co.* v. *Santore,* 193 Conn. 174, 175–76, 474 A.2d 795 (1984).

A review of the transcript reveals that the trial court did take some testimony regarding the reasonableness of the sale of the dozer and the other collateral, and then heard evidence regarding how the amount of the deficiency claimed was calculated. It concluded that probable cause existed to sustain the plaintiff's claim that a debt was owed and that the plaintiff was entitled to replevy the tractor. It was not necessary for the court explicitly to determine the reasonableness of the sale of the dozer in making its determination of probable cause.

"In discussing the trial court's role in determining probable cause in a prejudgment remedy hearing, the Supreme Court stated the appellate rule as follows: 'In reaching its determination of probable success on the merits it is essentially weighing probabilities, and in this it must have a broad discretion. In the absence of clear error, this court should not overrule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised and to weigh the credibility of at least some of the witnesses.' *Augeri* v. *C. F. Wooding Co.,* 173 Conn. 426, 429, 378 A.2d 538 (1977); see also *Three S. Development Co.* v. *Santore,* 193 Conn. 174, 176, 474 A.2d 795 (1984); *Babiarz* v. *Hartford Special, Inc.,* 2 Conn. App. 388, 393–94, 480 A.2d 561 (1984)." *Santini* v. *Deeb,* 2 Conn. App. 683, 685, 483 A.2d 615 (1984).

Under the circumstances of the present case, given the extremely limited scope of our review, we conclude that the decision of the trial court did not constitute clear error.

There is no error.

In this opinion the other judges concurred.