## Dow and Condon, Inc. *v.* Robert H. Anderson et al.
### (12998)
### (12999)

Peters, C. J., Healey, Shea, Hull and L. Dorsey, Js.

Argued March 5—decision released May 19, 1987

*Richard P. Weinstein,* for the appellants-appellees (defendants).

*Thomas A. Rouse,* with whom was *Christopher M. Reeves,* for the appellee-appellant (plaintiff).

HULL, J. The plaintiff, a real estate corporation, sued both the owner of an office building and the broker who listed the property for sale, seeking a co-broker's commission. The trial court granted a motion to dissolve an ex parte attachment of the owner's property, and later granted a motion for a prejudgment remedy against the broker and his agency. From the former, the plaintiff appealed, claiming that the court erred in ordering the dissolution of the attachment. From the latter, the named defendant and the defendant Revest, Inc., appealed, claiming that the court erred in granting the plaintiff's motion to attach and garnish their property. The appeals, although separately filed, have been consolidated under Practice Book § 4004 (formerly § 3002).

The following facts are relevant to this case. Both the plaintiff corporation, Dow and Condon, Inc., and its principals are licensed as real estate brokers or salesmen by the state of Connecticut. The defendant Robert H. Anderson is a licensed real estate broker. He is a principal and owner of the defendant Revest, Inc. (Revest), a Connecticut corporation licensed to sell real estate. Anderson is also both a general and limited partner in Conference Center, Ltd. (Conference Center), a Connecticut limited partnership, which, at the com-

mencement of this action, owned an office building in Wethersfield.

Some time prior to the summer of 1985, Conference Center entered into a written agreement with Revest for the sale of the Conference Center property. Anderson acted as principal for both Revest and Conference Center in negotiating and executing the agreement. Conference Center agreed to pay Revest a commission of 6 percent of the sale price of the property.

With the knowledge and consent of Conference Center, Anderson offered to co-broke the property with other licensed brokers. During the next several months, brokers from the plaintiff's office showed the property to prospective purchasers. On or about November 5, 1985, the Hartford Development Group made an offer through the plaintiff to purchase the property. At that time, Anderson told the plaintiff that the offer would be acceptable if a few financial adjustments were made. The Hartford Development Group found the conditions acceptable and a revised letter of intent was executed on November 12, 1985.

In mid-December, 1985, a proposed bond for deed was prepared by the attorneys for the Hartford Development Group. On December 31, 1985, Anderson notified the plaintiff that there were minor problems with the proposed agreement which would have to be remedied by the respective attorneys. By early January, 1986, it appeared that the problems had been solved and the sale could be consummated. Anderson, however, subsequently induced Conference Center to enter into an agreement with another purchaser under terms by which Anderson and Revest would be allowed rent free space and would manage the premises for the remainder of 1986.[1] The plaintiff subsequently brought

[1] It appears from the record that both the Hartford Development Group offer and the subsequent offer were for $2,900,000. Under the terms of

suit, seeking a commission on the ground that it had procured a ready, willing and able buyer.

Upon commencement of the suit, the plaintiff sought and obtained an ex parte attachment of Conference Center's property in the amount of $100,000.[2] Conference Center, Anderson and Revest immediately moved to dissolve the attachment.[3] While the motion to dissolve was pending, the plaintiff moved for a supplemental prejudgment remedy against both Revest and Anderson.[4] The trial court granted the defendants' motion to dissolve the attachment of Conference Cen-

the second written offer to purchase, Revest would also receive 4 percent of the gross monthly income management of the building until December 31, 1986.

[2] General Statutes § 52-278e provides in relevant part: "The court or a judge of the court may allow the prejudgment remedy to be issued by an attorney without hearing as provided in sections 52-278c and 52-278d upon verification by oath of the plaintiff or of some competent affiant, that there is probable cause to sustain the validity of the plaintiff's claim and (1) that the prejudgment remedy requested is for an attachment of real property; or (2) that there is reasonable likelihood that the defendant (A) neither resides in nor maintains an office or place of business in this state and is not otherwise subject to jurisdiction over his person by the court, or (B) has hidden or will hide himself so that process cannot be served on him or (C) is about to remove himself or his property from this state or (D) is about to fraudulently dispose of or has fraudulently disposed of any of his property with intent to hinder, delay or defraud his creditors or (E) has fraudulently hidden or withheld money, property or effects which should be liable to the satisfaction of his debts or (F) has stated he is insolvent or has stated he is unable to pay his debts as they mature."

[3] General Statutes § 52-278d provides in relevant part: "(a) The defendant shall have the right to appear and be heard at the hearing. The hearing shall be limited to a determination of whether or not there is probable cause to sustain the validity of the plaintiff's claim. If the court, upon consideration of the facts before it, finds that the plaintiff has shown probable cause to sustain the validity of his claim, then the prejudgment remedy applied for shall be granted as requested . . . ."

[4] See footnote 2, supra. The motion for supplemental prejudgment remedy sought a $100,000 attachment of an interest in real property held by Anderson in Stonington. It also sought to garnish Conference Center, as it was the agent, trustee and debtor of Anderson and Revest.

ter's property on May 2, 1986. On May 5, 1986, the court granted the plaintiff's motion for a supplemental prejudgment remedy relating to claims against Revest and Anderson. These appeals followed.

I

In the plaintiff's appeal it is claimed that the court erred in finding that there was no probable cause to sustain the plaintiff's claims against the defendant Conference Center. The trial court's role in addressing motions for prejudgment remedies is limited. "The language of our prejudgment remedy statutes; General Statutes § 52-278a et seq.; requires that the [trial] court determine 'whether or not there is probable cause to sustain the validity of the plaintiff's claim'; General Statutes § 52-278d (a); that is to say 'probable cause that judgment will be rendered in the matter in favor of the plaintiff.' General Statutes § 52-278c (a) (2). . . . The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* 172 Conn. 577, 584, 376 A.2d 60 (1977)." *Three S. Development Co.* v. *Santore,* 193 Conn. 174, 175–76, 474 A.2d 795 (1984); see also *Solomon* v. *Aberman,* 196 Conn. 359, 362–63, 493 A.2d 193 (1985).

Our role in reviewing the decision of a trial court on a prejudgment remedy motion is similarly "very circumscribed. It is not to duplicate the trial court's weighing process, but rather to determine whether its conclusion was reasonable. 'In the absence of clear error, this court should not overrule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised and to weigh the credibility of at least some of the witnesses.' " *Three S. Development Co.* v. *Santore,* supra, 176. We therefore do not decide whether the legal conclusions reached by

the trial court were correct or erroneous. We review the legal conclusions of the trial court only to the limited extent of determining whether its conclusions were reasonable. Id.; see also *Solomon* v. *Aberman,* supra, 364.

With this limited standard in mind, we turn to the plaintiff's claim. We find that the conclusion of the court was reasonable and that the court did not commit clear error. The court concluded that the plaintiff had presented evidence sufficient to find probable cause to believe that there was an oral agreement to co-broke the sale of the Conference Center property, and that the plaintiff had obtained a ready, willing and able buyer. The court found, however, that the plaintiff had no contract upon which to sustain its actions against Conference Center. It stated as follows: "[P]laintiff is seeking to recover against defendant Conference Center, as the owner of real property, compensation for real estate services rendered. Thus, its claim falls squarely within the ambit of [General Statutes] Sec. 20-325a. That statute, at subsection[s] (a) and (b), provides that no licensed real estate broker 'shall commence or bring *any action* in any court of the state . . . to recover *any commission, compensation* or *other payment* in respect of any *act* done or service rendered by him' . . . 'unless such acts or services were rendered pursuant to a contract or authorization from the person for whom such acts were done or services rendered.' " (Emphasis in original.)

The plaintiff in the present case, a licensed real estate broker, failed to prove the existence of a contract complying with the precise provisions of the statute. Based on this fact, the court logically concluded that the statutory requirement for a cause of action had not been met, and therefore there was no basis upon which to conclude that probable cause existed to allow the attachment to stand.

The plaintiff argues that although it did not introduce a written listing agreement into evidence, this court should take notice of a judicial admission that one existed. Even if we were to do so, the outcome of this decision would not change. The listing agreement we are asked to acknowledge was between Conference Center and Revest. The plaintiff was not a party to that agreement, and thus could have no enforceable rights under it. See *William Pitt, Inc.* v. *Taylor,* 186 Conn. 82, 84, 438 A.2d 1206 (1982).

The trial court acted reasonably in holding that General Statutes § 20-325a applied to the plaintiff's action against Conference Center. It was also reasonable to hold that the statutory requirements had not been met and no probable cause to sustain the prejudgment remedy existed.

## II

The defendants claim that the court erred in granting the plaintiff's supplemental prejudgment remedy, attaching certain property of Anderson and Revest. The trial court apparently found that there was an implied "arrangement" between the plaintiff and Revest. The court went on to find that General Statutes § 20-325a was not applicable to an action between brokers. The court did not proceed to determine whether it was probable that an action on the "arrangement" between the plaintiff and Revest would be successful, nor did it grant a prejudgment remedy on the counts which were based on the claimed agreement. The court did, however, find probable cause to grant the prejudgment remedy on the unfair trade practices claim pursued by the plaintiff.

Inasmuch as the court did not base its granting of a supplemental prejudgment remedy on the co-brokerage "arrangement", but relied only on the Connecticut Unfair Trade Practices Act (CUTPA) claim, the ques-

tion of the reasonableness of the court's conclusion that § 20-325a does not apply to these parties is not before us. Our limited role in reviewing action taken on prejudgment remedies must once again be stressed. This is not a review of a complete trial on the merits, where the court would have before it more comprehensive briefs and a complete record, and where the parties would have an opportunity to move the trial court to articulate its findings. Our review is limited to a determination of whether the findings made were reasonable. As no findings were made regarding the contract claim, we can make no determination as to whether they were reasonable.

The trial court granted the motion for supplemental prejudgment remedy against Anderson and Revest on the basis of the plaintiff's CUTPA claim. The sixth count of the plaintiff's complaint alleges violations by Anderson and Revest of General Statutes § 42-110b. That statute provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." The act further provides for a private cause of action for actual and punitive damages. General Statutes § 42-110g.

With reference to this claim, the trial court stated: "Anderson is alleged in the amended complaint to be a real estate broker, a principal and owner of Revest and a general and limited partner of Conference Center. The evidence revealed that the management agreement between Conference Center and Revest authorized Revest to offer Conference Center's property for sale. Revest allowed plaintiff to become a co-broker. Plaintiff obtained Hartford Development Group as a ready, willing and able buyer. Anderson and Revest induced Conference Center not to consummate that deal, but rather to enter into an agreement with another purchaser under terms by which Anderson and Revest

would get free rent for their space and would manage the premises for the balance of 1986 and one of Conference Center's limited partners would get a share of the real estate commission. This management agreement provides for a real estate commission only if a sale is consummated. While that provision might bar plaintiff from recovering as against the Conference Center; *Nugent* v. *DelVecchio,* 36 Conn. Sup. 532 [415 A.2d 1239] (1980); this court finds that there is probable cause that plaintiff could at least sustain its claim against Anderson and Revest on the Sixth Count of the amended complaint for the unfair and deceptive acts and practices in violation of CUTPA.''

In determining whether the trial court's decision was reasonable, we must consider whether this case falls within the scope of CUTPA's general proscription of unfair or deceptive practices. This court has adopted the standard of *FTC* v. *Sperry & Hutchinson Co.,* 405 U.S. 233, 92 S. Ct. 898, 31 L. Ed. 2d 170 (1972), to assist in such determinations. See *Conaway* v. *Prestia,* 191 Conn. 484, 492–93, 464 A.2d 847 (1983). "Under that standard, [we will look] to a number of factors in deciding whether an action or practice is unfair: ' "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of fairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . . " ' *FTC* v. *Sperry & Hutchinson Co.,* supra, 244 n.5.'' *Mead* v. *Burns,* 199 Conn. 651, 664–65, 509 A.2d 11 (1986).

It must be stressed that the plaintiff's claims based upon CUTPA were not brought to enforce its agree-

ment with Revest or Conference Center. Rather, the plaintiff seeks compensatory and punitive damages for the deceptive practices of the defendants.

We conclude that the trial court could reasonably have found probable cause to believe that the plaintiff had a sustainable cause of action under the broadly worded CUTPA statute. We will not retry the facts in this case. *Cookson* v. *Cookson,* 201 Conn. 229, 242, 514 A.2d 323 (1986); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 220, 435 A.2d 24 (1980). The court found that Anderson induced Conference Center to enter into a sales agreement with another party, and under that agreement, Anderson and Revest were to receive pecuniary gains additional to the listing broker's commission. From those facts alone, probable cause exists to sustain a cause of action for unethical, oppressive or unscrupulous behavior. We cannot say that the trial court erred in granting the plaintiff's motion for supplemental prejudgment remedy.

There is no error in either appeal.

In this opinion the other justices concurred.