CHARLES H. WEEMAN, ADMINISTRATOR (ESTATE OF GREGORY T. WEEMAN) *v.* ARTHUR W. CHURCH

ERNESTINE P. BAYSA, ADMINISTRATRIX (ESTATE OF GLENN M. BAYSA) *v.* ARTHUR W. CHURCH
(4784)

DUPONT, C. J., DALY and BIELUCH, Js.

Argued March 31—decision released July 7, 1987

*Edward E. Moukawsher,* with whom, on the brief, was *Joseph E. Moukawsher,* for the appellants (plaintiff in each case).

*Ellen C. Brown,* for the appellee (defendant in both cases).

DALY, J. The plaintiffs in these combined appeals are administrators of the estates of two men who died as a result of a one car accident. The defendant is the owner of a tavern at which the decedents had been

drinking prior to the crash. Each plaintiff claims error in the trial court's order dissolving two prejudgment attachments of real property owned by the defendant. The plaintiffs claim the court erred in concluding that they had failed to establish probable cause to sustain the plaintiffs' claims of reckless and wanton misconduct against the defendant. We find no error.

On behalf of the decedents, the plaintiffs instituted actions against the defendant, the owner and permittee of the Linebacker Cafe. The complaints were in two counts, the first based on a violation of the Dram Shop Act,[1] and the second claiming that the defendant or his agents or employees were grossly negligent, wanton, and reckless in that he or they served alcoholic liquor to an obviously intoxicated individual, Gregory T. Weeman, the driver of the automobile, although they knew or should have known that he would be driving a motor vehicle after leaving the defendant's premises. The plaintiffs allege that after leaving the Linebacker Cafe, the motor vehicle driven by Weeman skidded off the highway, crashed into two guardrails and a tree, killing both the driver, Weeman, and his passenger, the decedent Baysa. Each plaintiff moved for and was granted a $200,000 ex parte attachment to be placed against the defendant's real estate. The defendant moved for a dissolution or a modification of the prejudgment attachments. The trial court considered only the second count,[2] and, after a hearing, dissolved the attachments.

[1] General Statutes § 30-102 provides in pertinent part: "(a) If any person, by himself or his agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay just damages to the person injured, up to the amount of twenty thousand dollars, or to persons injured in consequence of such intoxication up to an aggregate amount of fifty thousand dollars, to be recovered in an action under this section . . . ."

[2] In its memorandum of decision the trial court stated in pertinent part: "It appears as to the first count in each of the cases that there is sufficient

The trial court found that the decedents had been patrons in the defendant's cafe on the evening of November 5, 1984, and had been served alcoholic beverages. At the hearing on the motion to dissolve the prejudgment attachments, the plaintiffs' only witness testified that on November 5, 1984, he went to the Linebacker Cafe after his customary Monday night pool tournament which usually ended between 9 and 10 p.m. The witness stated that upon arriving at the bar he drank one beer with the decedents and observed the decedent Weeman drink only one beer. After finishing the beer, the trio left the premises together. The decedents offered a ride home to the witness, who declined the ride since he lived only a short distance from the tavern. The witness did not testify as to either Weeman's appearance or his level of intoxication upon leaving the bar or to the precise time they departed. Shortly after midnight, on the morning of November 6, 1984, Weeman lost control of the vehicle he was driving which resulted in the accident which caused the two fatalities. The scene of the accident was within five minutes driving time of the tavern. Although there were two or three old beer cans at the scene of the accident, the investigating police officer testified that it could not be determined if those cans came from the decedent's vehicle or had previously been discarded at the site. Both decedents were highly intoxicated at the time of the accident. A medical report revealed that the blood alcohol level in Weeman's blood was .26 percent.

The trial court stated that "this court is unable to make an inference that because of the high blood alcohol content of each of the deceased that they or each of them must have been obviously intoxicated sometime earlier when Weeman was served alcohol at the

---

insurance coverage to secure the potential loss as limited by that statute.

"The prejudgment attachment that the defendants are seeking to dissolve is to secure recovery under the second count . . . ."

Linebacker Cafe nor can the Court make a finding that the time of leaving by the parties was later than testified to by the plaintiffs' witness . . . . " The trial court concluded that the plaintiffs had failed to sustain the burden of proof required to support the prejudgment attachment.

"The trial court's role in addressing motions for prejudgment remedies is limited. 'The language of our prejudgment remedy statutes; General Statutes § 52-278a et seq.; requires that the [trial] court determine "whether or not there is probable cause to sustain the validity of the plaintiff's claim"; General Statutes § 52-278d (a); that is to say "probable cause that judgment will be rendered in the matter in favor of the plaintiff." General Statutes § 52-278c (a) (2). . . . The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. . . .'

"Our role in reviewing the decision of a trial court on a prejudgment remedy motion is similarly 'very circumscribed. It is not to duplicate the trial court's weighing process, but rather to determine whether its conclusion was reasonable. "In the absence of clear error, this court should not overrule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised and to weigh the credibility of at least some of the witnesses." ' 'We therefore do not decide whether the legal conclusions reached by the trial court were correct or erroneous. We review the legal conclusions of the trial court only to the limited extent of determining whether its conclusions were reasonable.' " (Citation omitted.) *Dow & Condon, Inc.* v. *Anderson,* 203 Conn. 475, 479–80, 525 A.2d 935 (1987).

With this limited standard in mind, we turn to the plaintiffs' claim. We find that the conclusion of the

court was reasonable and that the court did not commit clear error. The court concluded that the plaintiffs had not presented sufficient evidence to find probable cause to believe that the defendant or his agents had been grossly negligent, wanton or reckless, or that they knew that the decedent Weeman was intoxicated when served and would be operating a motor vehicle upon leaving the premises.

The plaintiffs presented no evidence as to what state of intoxication the decedents were in as they left the defendant's bar. Further, the plaintiffs' only witness testified that Weeman consumed only one beer while in his presence at the Linebacker Cafe, and that his reason for declining the offer of a ride home was that he lived only a short distance from the tavern, making no mention of Weeman's driving ability as a result of alcohol consumption. Finally, the plaintiffs' witness did not testify as to what time he actually arrived at the bar or the actual time the trio left the bar, only that it was his custom to go to the Linebacker after playing in a pool tournament which usually concluded some time between 9 and 10 p.m. Thus, the trial court could reasonably have concluded that the witness arrived at the bar at approximately 9:30, remained for approximately one half-hour and then left. Thus, the court could have concluded that the trio left the tavern at approximately 10 p.m., leaving two hours between the departure from the Linebacker Cafe and the fatal crash. On the basis of these facts, it was reasonable for the court to conclude that the plaintiffs had not demonstrated that probable cause existed to sustain the prejudgment remedy.

There is no error.

In this opinion the other judges concurred.