FLEET BANK OF CONNECTICUT *v.*
VINCENT J. DOWLING, JR.
(10723)

FLEET BANK OF CONNECTICUT *v.*
VINCENT J. DOWLING, SR.
(10724)

DUPONT, C. J., FOTI and LAVERY, Js.

Argued May 5—decision released July 14, 1992

*Kerry M. Wisser,* with whom, on the brief, was *Jennifer Jaff,* for the appellants (defendants).

*Robert A. Izard, Jr.,* with whom was *Denise M. Cloutier,* for the appellee (plaintiff).

LAVERY, J. These two cases involve claims by the plaintiff Fleet Bank of Connecticut that it is entitled

to reimbursement from the defendants, Vincent J. Dowling, Sr., and Vincent J. Dowling, Jr., for the amount it paid pursuant to two irrevocable letters of credit. The cases are identical, except that in the first case a reimbursement agreement was signed by Vincent J. Dowling, Jr., in connection with a letter of credit for the benefit of a third party. In the second case, Vincent J. Dowling, Sr., signed a similar agreement. The cases were presented together in oral argument and will be considered together in this opinion.[1] On appeal, the defendants claim that the trial court improperly granted prejudgment remedies because there was insufficient evidence to establish probable cause that the defendants caused the plaintiff to issue the letters of credit, and because the letters of credit were engagements by the plaintiff made at the request of the defendants. We affirm the judgment of the trial court.

The pertinent facts are as follows. On October 31, 1989, and on or about November 2, 1989, the plaintiff issued a letter of credit to each of the defendants for the benefit of a third party, Intercontinental Monetary Corporation (IMC), in the amount of $525,000 each.[2] Simultaneously with the issuance of the letters of credit, the defendants executed a reimbursement agreement requiring them to reimburse the plaintiff for any and all drafts made by IMC under the letters of credit, plus all other associated costs.

On August 9, 1990, IMC made demand for $525,000 under each letter of credit. The plaintiff honored these demands on August 14, 1990, paying IMC $525,000 on behalf of each defendant. Despite demand by the plaintiff, the defendants have refused to reimburse the plaintiff pursuant to the reimbursement agreement.

---

[1] The trial court also treated both cases in an identical fashion.

[2] The letters of credit were issued by United Bank and Trust Company, now known as Fleet Bank of Connecticut.

The plaintiff filed an application for the prejudgment remedy of garnishment on September 4, 1991. A hearing was held on September 30, 1991, at which the plaintiff introduced both testimony and documentary evidence, including the letters of credit and the demand documents. The plaintiff's application for prejudgment remedy was granted on October 16, 1991, without written decision. The defendants moved for an articulation, and, on November 21, 1991, the trial court issued the articulation. The court made the following findings on each case: "The parties entered into an agreement wherein the plaintiff would issue the Letter of Credit for the account of the defendant, in the sum of Five Hundred Twenty-Five Thousand Dollars ($525,000). That the Letter of Credit was issued in favor of the Intercontinental Monetary Corporation. That the beneficiary under the Letter of Credit, Intercontinental Monetary Corporation, drew the Five Hundred Twenty-Five Thousand Dollars ($525,000) pursuant to the Letter of Credit. That the Letter of Credit was properly presented by Intercontinental Monetary Corporation to the plaintiff, and, according to its terms, was paid by the plaintiff to the said corporation. That, there is probable cause that there is due and owing to the plaintiff from the defendant the sum of Five Hundred Twenty-Five Thousand Dollars ($525,000) plus interest and associated costs."

Our scope of review of a trial court's decision to grant or to deny a prejudgment remedy is limited. "Pursuant to our prejudgment remedy statutes; General Statutes § 52-278a et seq.; the trial court's function is to determine whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits. . . . The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to

establish that he will prevail, only that there is a probable cause to sustain the validity of the claim. . . . The court's role in such a hearing is to determine probable success by weighing probabilities. . . . Moreover, this weighing process applies to both legal and factual issues." (Citations omitted; internal quotation marks omitted.) *Bank of Boston Connecticut* v. *Schlesinger,* 220 Conn. 152, 156, 595 A.2d 872 (1991); *New England Land Co.* v. *DeMarkey,* 213 Conn. 612, 620, 569 A.2d 1098 (1990).

"We reiterate 'the limited role that our case law assigns to appellate review of a trial court's broad discretion to deny or to grant a prejudgment remedy. It is the trial court that must determine, in light of its assessment of the legal issues and the credibility of the witnesses, whether a plaintiff has sustained the burden of showing probable cause to sustain the validity of its claim. We decide only whether the determination of the trial court constituted clear error.' *Greenberg, Rhein & Margolis, Inc.* v. *Norris-Faye Horton Enterprises, Inc.,* 218 Conn. 162, 166, 588 A.2d 185 (1991); see also *Dow & Condon, Inc.* v. *Anderson,* 203 Conn. 475, 479–80, 525 A.2d 935 (1987); *Solomon* v. *Aberman,* 196 Conn. 359, 364, 493 A.2d 193 (1985)." *Bank of Boston Connecticut* v. *Schlesinger,* supra, 156–57.

The defendants' claim that the trial court's finding of probable cause was improper because the defendants did not cause the plaintiff to issue the letters of credit and that the letters of credit were not made at the request of the defendants.

"The law that governs letters of credit in this state is contained in article 5 of the Uniform Commercial Code, General Statutes §§ 42a-5-101 through 42a-5-117. A letter of credit, under the code, is an engagement by a bank or other person, made at the request of a

customer, that the issuer will honor drafts or other demands for payment upon compliance by the beneficiary with the conditions specified in the credit." *Armac Industries, Ltd.* v. *Citytrust,* 203 Conn. 394, 397, 525 A.2d 77 (1987). A letter of credit involves three separate commitments, one between the customer and the beneficiary (the defendants and IMC), one between the customer and the issuer (the defendants and the plaintiff), and one on the letter of credit itself, "obligating the issuer to honor proper drafts or other demands for payment by the beneficiary, if accompanied by the documentation required by the credit." Id., 398.

The defendants assert that there was no evidence of the second commitment, the agreement between the plaintiff and the defendants, pursuant to which the plaintiff was to issue the letters of credit. Without such an agreement between the customer and the issuer, a valid letter of credit could not exist, and the trial court's finding of probable cause would be clear error.

At a probable cause hearing on a prejudgment remedy, a trial court may properly consider all evidence presented, including testimony of witnesses, documentary evidence, and affidavits. *Self-Service Sales Corporation* v. *Heinz,* 1 Conn. App. 188, 192, 470 A.2d 701 (1984). Notwithstanding the defendants' assertions to the contrary, our review of the record shows that the plaintiff did present evidence at the hearing that indicated that an agreement existed between the plaintiff and the defendants and that the defendants had requested the letters of credit. First, an officer of the plaintiff who was responsible for the defendants' accounts testified that the letters of credit were "issued for the account of Dowling." Second, the letters of credit state that they were issued for the account of the defendants. Third, the plaintiff paid $525,000 pursuant to each letter of credit. Fourth, the plaintiff brought suit to obtain reimbursement from the defend-

ants. Finally, *the defendants agreed to reimburse the plaintiff for amounts drawn under the letters of credit.* On the basis of this evidence, we conclude that the trial court's determination that there was probable cause to establish that the plaintiff and the defendants entered into an agreement pursuant to which the plaintiff would issue a letter of credit for the account of each defendant was correct.

The judgments are affirmed.

In this opinion the other judges concurred.