[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present action against the defendant attorneys ("the defendants") claiming that he sustained damages as a result of the defendants representation, without authorization, of the client which the plaintiff had sued in a prior law suit brought in the United States District Court for the District of Connecticut.
In the first count the plaintiff alleges that he instituted a law suit against G.F.V. Communications, Inc., d/b/a Valassis Inserts ("G.F.V.") and that the defendants represented G.F.V. in that litigation. The plaintiff further claims that the unauthorized representation continued for an extended period of time and that the defendants had a duty as officers of the court to properly investigate their authority in the case. The plaintiff then alleges as a result of the negligent misrepresentation of the defendants the plaintiff incurred damages in an amount to be proven at trial. The second count of the complaint alleges that defendants filed designated pleadings during the course of the Federal Court litigation when the defendants were unauthorized to do so. The plaintiff further alleges that he relied upon the express and implied representation of the defendant with respect to their authority to represent G.F.V. The plaintiff was thereby damaged by failing to sue the right party and is required to expend great sums of money on the litigation. The second count of the complaint alleges that the actions of the defendant were knowingly made without authority and that count is designated as a count in "Fraud and Deceit." The third count of the complaint alleges that actions of the defendants constituted a "CUTPA" violation within the meaning of the Statute 42-110a et. seq. CT Page 1287
The defendant has moved to strike all counts of the complaint on the grounds that the defendant owed no duty to the plaintiff; that the plaintiff has not adequately alleged his claims; that the plaintiff has not alleged that the defendants utilized legal process for any improper purpose; that the plaintiff lacks standing to sue the defendants and on the ground that the plaintiff has not alleged a violation of CUTPA.
While a motion to strike admits all facts that are well pleaded, the motion does not admit legal conclusions, or the truth or accuracy of opinions stated in the pleading. Ferryman v. Groton, 212 Conn. 138, 142 (1989); Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). Many of the claims asserted by the plaintiff constitute legal conclusions without factual support. Accordingly, the court limits its opinion to those facts that are well pleaded. At the outset, it is noted that the complaint does not allege that the defendants undertook any action for any ulterior purpose other than the defense of G.F.V. The complaint also does not allege that the plaintiff was at any time a client of the defendants, or had any special relationship with the defendants other than an adversary relationship. Accordingly, there is nothing contained in the complaint that would substantiate any assertion that the plaintiff was in any respect an intended and foreseeable beneficiary of the action of the defendants.
Our courts have also noted that the determination of when an attorney may be held liable to parties with whom they are in privity is a question of public policy. Krawczyk v. Stingle,208 Conn. 239, 245 (1988). Our courts have also noted the chilling affect of allowing a third party to intrude into an attorney's primary duty to the client. Mozzochi v. Beck, 204 Conn. 490, 501
(1987). Our courts have also noted that a violation of the rules of professional conduct does not in itself give rise to a cause of action. Noble v. Marshall, 23 Conn. App. 227, 229 (1990). The above cited cases make clear that an attorney's liability to third parties who are not clients is severely limited.
The first count of the complaint is founded upon a claim of negligence. There are no facts alleged sufficient to establish any duty owed by the defendants to the plaintiff. The second count of the complaint, which is based upon a claim of fraud and deceit, suffers from a lack of specificity with respect to the claims of fraud and, like the first count, does not contain any sufficient factual basis for the imposition of a duty owed by the defendants to the plaintiff. Moreover, the second count fails to include the CT Page 1288 elements for a claim of fraud as set forth in such cases as: Billington v. Billington, 220 Conn. 212, 217 (1991); Maturo v. Gerard, 196 Conn. 584, 587 (1985).
In the third count of the complaint, the plaintiff realleges the claims made in the first and second counts and asserts that such claims constitute a CUTPA violation. General Statutes 42-110b
provides: "No person shall engage in unfair methods of competition or unfair deceptive acts or practices in the conduct of any trade or commerce." In determining whether a particular conduct comes within the general description of the statute, our courts employ the following criteria: "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by the statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of fairness; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injuries to consumers." Dow Condon, Inc. v. Anderson, 203 Conn. 475, 483 (1987). A practice may be unfair because of the degree to which it meets one of the criteria or because it meets all criteria to a lesser degree. Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 242 (1987). Decisions of the Superior Court have held that a party does not have standing to assert a CUTPA claim against the attorney or an adversary in a prior proceeding. Jackson v. R.G. Whipple Inc., 5 Conn. L. Rept., No. 5, 115 (November 4, 1991) (Luba, J.); Rogoff v. O'Hanlon, 5 Conn. L. Rept. No. 233 (October 14, 1991) (Ballen, J). In the present case, the allegations contained in the revised complaint do not establish any duty owing from the defendant to the plaintiff and the plaintiff has failed to allege a recognized cause of action against the defendant. The plaintiff is certainly not a consumer of the services nor is the plaintiff a competitor or other business person related to any services that might be rendered by the defendant. See, McLaughlin Ford Inc., v. Ford Motor Co.,192 Conn. 558, 567 (1984). The properly pleaded facts contained in the revised complaint assert that the defendants represented a client without authorization and that the plaintiff was involved in litigation with that client. Such claims do not set forth a claim under CUTPA.
Accordingly, the motion to strike the first, second and third counts of the revised complaint is granted.
RUSH, J. CT Page 1289