[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
I
The plaintiff, William T. Beazley Co., Realtors, filed a proposed two-count complaint and an application for a prejudgment remedy against the defendant, Business Park Associates, Inc. In count one, plaintiff alleges that on or about February 12, 1988, the plaintiff procured a lessee for the defendant lessor's property. The lessee and the defendant entered into a three year lease with an option to extend for an additional three years. The lessee took possession under the lease and paid rent to the defendant; the defendant paid the plaintiff its commissions measured by the original three year term. The plaintiff next alleges that the defendant later entered into a five year extension of said lease with the lessee instead of exercising the option for the three year extension specified in the original lease. The plaintiff alleges that the defendant has not paid the commission due it for the extension period and is in breach of the listing agreement. The plaintiff alleges in count two that the defendant's actions, as set forth in count one, violate General Statutes § 42-110a, et seq., the Connecticut Unfair Trade Practices Act (CUTPA).
The defendant moved to strike the plaintiff's complaint on the grounds that the "underlying listing agreement fails to comply with the provisions of Connecticut General Statutes § 20-325a and that it has not been properly executed, acknowledged and witnessed in keeping with CT Page 5314-b subsection 5 thereof." The defendant's motion did not address the plaintiff's CUTPA claim. After a hearing was held before this court, the court denied the motion to strike. See written memorandum of decision dated November 6, 1992 (Teller, J.).
The court, (Hurley, J.) later granted the application for the prejudgment remedy,[1] and the complaint was filed.
The defendant filed an answer to the plaintiff's complaint with special defenses,[2] and filed a motion for summary judgment as to both counts. As to count one, the defendant argues that because the listing agreement fails to comply with the specific provisions of General Statutes § 20-325a, it is unenforceable as a matter of law and, therefore, the defendant is precluded from bringing a claim thereon or seeking a prejudgment attachment. As to count two, the defendant argues that CUTPA does not apply to transactions involving the interpretation and enforceability of real estate listing agreements. Attached to the defendant's memorandum in support of its motion was the affidavit of an officer of the defendant corporation and a copy of various provisions from the National Association of Realtor's Code of Ethics.
The plaintiff submitted a memorandum in opposition to the defendant's motion for summary judgment. Attached to the memorandum was a copy of the listing agreement between the plaintiff and the defendant, a document labeled "Proposal to Lease Space", a deed to the subject property and various other documents.
The defendant also filed a supplemental memorandum of law.
 II
Pursuant to Practice Book § 384, summary judgment is appropriate where the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Lees v. Middlesex Ins. Co.,219 Conn. 644, 650, 594 A.2d 952 (1991). It is a means of CT Page 5314-c eliminating the delay and expense of litigating an issue when there is no real issue to be tried. Wilson v. New Haven,213 Conn. 277, 279, 567 A.2d 829 (1980). A motion for summary judgment may be filed by any party at any time, addressed to the claim or counterclaim, after the pleadings are closed as between the parties to the motion. Practice Book § 379.
"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book § 380. Supporting and opposing affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Practice Book § 381.
A. Count One
The defendant moves for summary judgment on count one on basically the same grounds the defendant asserted in support of its previous motion to strike. The defendant submitted one recent case which it argues is contrary to this court's prior finding that a corporate owner may become bound under a listing agreement that is not properly executed in accordance with the statute by the corporation's subsequent ratification of the listing agreement. The defendant cites to Carry v. Clarke, 7 Conn. L. Rptr 620 (December 21, 1992, Pickett, J.) where the court found that there is no bad faith exception to the rule against enforcing a listing agreement which does not strictly comply with General Statutes § 20-325a. The issue of ratification was not before the court in Carry. Further the factual predicate of the instant case was not present in Carry. Therefore, Carry is inapposite, and defendant's reliance on it is misplaced. This court need not revisit its rationale for denying the motion to strike either on the issue of noncompliance of the listing' agreement with § 20-325a or on the issue of ratification. This court noted in its memorandum of decision on the motion to strike that a determination on the record of whether the acts of the defendant constituted ratification could not be made at that stage of the proceedings. The facts which may resolve the issue of ratification are still not apparent in the pleadings and record before the court. Therefore, it is evident that CT Page 5314-d material issues of fact as to ratification exist in this case and summary judgment is not appropriate.
The court therefore denies summary judgment for the reasons already set forth in its memorandum of decision on the motion to strike, and because a genuine dispute of material fact exists.
B. Count Two
The plaintiff's CUTPA count incorporates the first ten paragraphs of the first count and adds an eleventh paragraph which alleges that "[t]he aforesaid acts of the Defendant constitute unfair trade practices as set forth in General Statutes § 42-110a, et seq., [CUTPA] in that they are immoral, oppressive or unscrupulous and caused substantial injury to the said Plaintiff." The defendant argues that the enforcement of the listing agreement is exclusively regulated by General Statutes § 20-325a and therefore is not covered by the CUTPA provisions. The defendant further argues that the plaintiff has not alleged deceptive acts which violate CUTPA and that the plaintiff was not engaged in "trade or commerce within the meaning of CUTPA.["]
The plaintiff argues in opposition that the underlying transaction between plaintiff and defendant was "trade or commerce" as defined by the act and further, that the plaintiff properly alleged facts to support its CUTPA claim.
The defendant's argument that the plaintiff's allegations are insufficient to support a CUTPA claim is appropriately raised in a motion for summary judgment. Meyerv. Valley Forge Insurance Co., 3 Conn. L. Rptr. 456 (April 11, 1991, Maiocco, J.).
General Statutes § 42-110b(a) provides:
 No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or business.
In determining whether a case falls within the CT Page 5314-e scope of CUTPA's general description of unfair or deceptive practices, our courts have adopted the "cigarette rule" set forth in FTC v. Sperry Hutchinson Co., 405 U.S. 233,92 S.Ct. 898, 31 L.Ed.2d 170 (1972). Dow Condon, Inc. v.Anderson, 203 Conn. 475, 483, 525 A.2d 935 (1987). Under that standard, three factors will be looked at to determine if an action or practice is unfair:
 "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of fairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . ."
FTC v. Sperry Hutchinson Co., supra, 244 n. 5.
Even construing the factual allegations and evidence in a light most favorable to the plaintiff,[3] said allegations, when reduced to their essence, amount to no more than a claim of breach of contract. Numerous state trial courts have held that a simple allegation of breach of contract, without more, is insufficient to state a cause of action under CUTPA. Emlee Equipment Leasing Corporation v.Waterbury Transmission Inc., 41 Conn. Sup. 575, 580 (1991, Blue, J.); LoMonte v. Rice, 3 Conn. L. Rptr. 189 (January 30, 1991, Aronson, J.); Antonio v. Kaismann, 3 Conn. L. Rptr. 33
(December 11, 1990, Ryan, J.)
It is evident, as a matter of law, that the plaintiff has not sufficiently pled a claim under CUTPA and, therefore, the defendant's motion for summary judgment as to count two is granted.
Teller, J.