[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CLARIFICATION NO. 103
The issues raised in this matter are:
1. Whether the affidavit submitted by the defendant's attorney during the hearing on the application for prejudgment remedy attachment is admissible evidence?
It is found that the affidavit submitted by the defendant's attorney during the hearing is not the best evidence, and should not be considered in a prejudgment hearing.
2. Whether adequate notice was provided pursuant to the terms of the lease and guaranty?
It is found that the issue of adequate notice addresses the CT Page 10392 merits of the plaintiff's claim, and is therefore premature at this state of the cause.
In 1988, Colortech Graphic Production, Inc. ("Colortech") entered into a lease agreement with Waterside Sono Limited Partnership (Waterside"), wherein Colortech would lease certain premises located in Norwalk, Connecticut from Waterside. Also in 1988, David Zwang (hereinafter "defendant"), and Steven Abramson executed a guaranty agreement which provided, in part, that "if default shall at any time be made by the Tenant . . . the Guarantor will pay to the Landlord or its assigns the rent due and any arrears, and all damages. . . ." (See Guarantor Agreement.)
In 1991, the plaintiff, Water Street Development Corporation, acquired ownership of the leased premises pursuant to a foreclosure action. Plaintiff, in its complaint, alleges that when Colortech failed to pay rent due to the plaintiff, it notified defendant who in the role of guarantor has failed to pay the outstanding amounts due under the lease.
On February 5, 1993, the plaintiff filed a complaint with an application for a prejudgment remedy attachment of real property owned by the defendant. At the hearing on the appropriateness of plaintiff's prejudgment remedy application, held on March 8, 1993, the defendant maintained that the failure of the Connecticut prejudgment remedy statute to require a bond upon application for attachment rendered the statute unconstitutional. On June 22, 1993, the court (McGrath, J.) issued a memorandum of decision, finding that the absence of a bond requirement does not make Connecticut's prejudgment remedy statute unconstitutional. (See Memorandum of Decision, p. 10.)
On July 2, 1993, the plaintiff filed a motion for clarification with regard to the granting or denial of the application for prejudgment remedy attachment, in that the court has not yet rendered its decision.
In its memorandum of decision addressing the constitutionality of Connecticut's prejudgment remedy statute, the court did not resolve (1) whether the affidavit of David M. Garelik submitted by defendant's counsel at the time of the hearing was admissible evidence, and (2) whether adequate notice was provided to the defendant pursuant to the terms of the lease and guaranty. CT Page 10393
As regarding these two issues, both parties stand on their briefs previously submitted addressing the application for prejudgment remedy attachment.
1. The affidavit submitted by defendant's counsel at the time of the hearing.
General Statutes, Sec. 52-278d(c) provides, in pertinent part:
 The defendant shall have the right to appear and be heard at the hearing. The hearing shall be limited to a determination of whether or not there is probable cause to sustain the validity of the plaintiff's claim. If the court, upon consideration of the facts before it, finds that the plaintiff has shown probable cause to sustain the validity of his claim, then the prejudgment remedy applied for shall be granted as requested or as modified by the court unless the prejudgment remedy or application for such prejudgment remedy was dismissed or withdrawn pursuant to the provisions of section 52-278j.
The affidavit of Davis M. Garelik, who as attorney for Colortech was familiar with the lease agreement entered into between Colortech and the plaintiff, states that:
 Pursuant to paragraph 5 (aa) of Exhibit C, Special Terms, the parties agreed that all notices required by the Lease be delivered to my attention at Schwartzmann, Weinstick, Garelik and Mann;
 After a thorough search of my records, I cannot locate any notices sent by Waterside Sono Limited Partnership or its successors in which any reference is made to any alleged defaults arising from nonpayment of rent under this referenced Lease;
 I have no personal recollection of receiving any default notices alleging nonpayment of rent under this referenced Lease. CT Page 10394
(Defendant's Exhibit No. 1, paras. 7, 8, 9, March 3, 1993.)
In its memorandum of law in support of its application, the plaintiff argues that since a prejudgment remedy attachment hearing is a proceeding governed by the rules of evidence, the affidavit submitted by defendant's counsel which contains statements by a former counsel of the defendant is hearsay within the definition of the Federal and Connecticut Rules of Evidence, for its purpose is to prove the truth of the matter asserted, i.e., that adequate written notice was not provided by the plaintiff pursuant to the terms of the lease in order to effectuate a default.
Conversely, the defendant, in its memorandum in opposition to the plaintiff's application, argues that a trial court at a prejudgment remedy hearing may consider all evidence presented, including affidavits, citing as authority Fleet Bank of Connecticut v. Dowling, 28 Conn. App. 221, ___ A.2d ___ (1992).
Initially, it is noted that Fleet Bank, supra, does not stand for the proposition that a court can consider affidavits submitted by a defendant at a prejudgment hearing. In fact, the court in Fleet Bank, supra, stated "our review of the record shows that the plaintiff did present evidence at the hearing that indicated that an agreement existed between the plaintiff and the defendants . . . ." (Emphasis added.) Id., 225. Therefore, it is found that Fleet Bank, supra, is unpersuasive.
In the present case, it is found that the affidavit submitted by defendant's counsel should not be considered by the court. "A mere affidavit, as distinguished from a deposition . . . is made without notice to the adverse party and without opportunity to cross-examine." Affidavits, 3 Am.Jur.2d, Sec. 1. Moreover, affidavits on material facts are inadmissible on hearsay grounds. Affidavits, 2A C.J.S., Sec. 58. It is found that the best evidence of whether adequate written notice was provided by the plaintiff would have been by the testimony of Mr. Garelik, or, in the alternative, the deposition of Mr. Garelik. The affidavit, therefore, is not the best evidence and should not be considered by the court.
2. Whether adequate notice was provided pursuant to the terms of the lease and guaranty.
In its supporting memorandum, plaintiff contends that the CT Page 10395 defendant had actual notice of (1) the defaults by Colortech under the lease, (2) the failure of compliance with the guaranty, and (3) the requirements in order to make the release of guaranty provision effective.
The defendant, in opposition, argues that the notice requirements contained in the lease were not complied with. Therefore, defendant argues that he should be released as guarantor pursuant to the "Release of Guaranty" clause as contained in the lease.
A hearing in probable cause for issuance of prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 620, 569 A.2d 1098 (1990). A plaintiff need only show the probable validity of the claim. McCahill v. Town Country Associates, Ltd., 185 Conn. 37, 39, 440 A.2d 801
(1981).
It is noted that addressing the issue of notice as raised by the parties at this stage of the cause would be akin to addressing the merits of a disputed issue present in the underlying action. Therefore, the issue of whether adequate notice was provided to the defendant, pursuant to the terms of the lease and guaranty, is premature, and would be better addressed at a full trial on the merits.
McGrath, J.