[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 5165
By motion dated March 20, 1997 the defendant moves to strike the plaintiff's seven count complaint in its entirety, claiming that all seven counts seek a real estate brokerage commission without alleging compliance with Section 20-325a of the General Statutes, the exclusive remedy available for recovery of such commission. As defendant notes, the requirements of the statute are mandatory rather than permissive and the statute is to be strictly construed. McCutcheon and Burr,Inc. v. Berman, 218 Conn. 512, 520 (1991).
In testing the legal sufficiency of the complaint, though limited to the facts alleged, this court must construe those facts in a manner most favorable to sustaining its legal sufficiency. Kelly v. Americo Fiqueiredo, 223 Conn. 31, 32
(1992).
Count I of plaintiff's complaint clearly seeks payment or compensation for services rendered in connection with a real estate transaction, but fails to allege a written contract or authorization. Absent such contract or authorization Section20-325a precludes recovery of any "commission, compensation or other payment" arising out of any real estate transaction. Therefore, Count I fails to state a cause of action for which relief may be granted. Similarly, Count III and Count IV also fail to state a cause of action, though one is couched in terms of "unjust enrichment" and the other in terms of "valuable services" rendered to the defendant with the expectation of compensation. Under the circumstances here plaintiff's invocation of equitable principles constitutes an "attempt to effect an end run around the requirements of Section 20-325a(b)."McCutcheon and Burr, Inc. v. Berman, supra, 530.
Count II, however, alleges a standard listing agreement in compliance with the statutes, executed by the defendants, but "wrongfully terminated" on December 12, 1994 for reasons alleged in paragraph 13 of that count. Construed in the light most favorable to sustaining its legal sufficiency, this count does not seek a commission or payment for services rendered, but, rather, seeks damages for wrongful termination of a written agreement. Similarly construed, Count V, Count VI, and Count VII, incorporating the allegations of Count II, and alleging "bad faith", CUTPA violations, and "emotional and psychological stress, anxiety, and harm," respectively, seek compensatory and CT Page 5166 punitive damages in connection with the wrongful termination of the listing agreement and the "bad faith" and deceptive practices related thereto. Dow and Condon, Inc. v. Anderson,203 Conn. 475, 484 (1987).
Thus, with respect to Counts II, V, VI, and VII, Section20-325a is not applicable and defendant's Motion to Strike must fail.
FASANO, J.