[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION FOR PREJUDGMENT REMEDIES BY PLAINTIFF AND DEFENDANT 
The applicant in this matter by petition filed on March 28, 2002 seeks a prejudgment remedy by way of attachment of real estate, bank and investment accounts, motor vehicles and other personal property of the defendant. The application accompanies an action for damages by way of a Four Count Complaint setting forth causes of action based upon, in the First Count, breach of an employment agreement as to compensation, in the Second Count, a claim for civil theft, in the Third Count, a claim for emotional distress and in the Fourth and final Count a claim for damages based upon unfair trade and business practices. Together with the application in accordance with Chapter 903, "Prejudgment remedy" is the affidavit of the plaintiff dated March 27, 2002 wherein he sets out certain events which he claims supports his claim for the remedy requested. The defendant filed an answer and special defenses to the unsigned complaint including a counterclaim seeking damages and in connection with the counterclaim a motion for a prejudgment remedy to secure the potential damages sought by way of the counterclaim pursuant to Sec. 52-278L.
The court over several days of hearings heard both the plaintiff's and defendant's claims which included testimony from the plaintiff, the plaintiff's wife, former members of the Board of Trustees of defendant educational institution and others together with curtain witnesses offered by the defendant including accountants retained by the defendant over the past several years.
The plaintiff entered the employ of the defendant as headmaster and administrator of the defendant Academy on July 1, 1991 and continued in that position to July 31, 2001 when he resigned. It is clear from the CT Page 8218 testimony of the plaintiff and witnesses of the defendant that the Academy experienced severe financial problems throughout this period resulting in the Academy's need for loans and sale of real estate to maintain operations. It is the plaintiff's claim that the Academy was never able to pay the plaintiff his agreed salary but the Board of Trustees in order to retain his services promised to make up annual shortages by payment when conditions improved. This never occurred and relations deteriorated between the plaintiff and defendant and culminated in his resignation as previously indicated. To support his claim the plaintiff offered Exhibit 4 which represented a summary prepared by the defendant Board of Finance Committee setting out the nature and extent of wages and other compensation due the plaintiff over the period of the plaintiff's tenure. The chairman of the defendant Finance Committee Steven Mirabella who left the Board of Trustees in September 2001 at the request of the other members of the Board testified in support of the claimed arrangement for deferred compensation. Other members of the board also testified in support of the claimed agreement. The defendant through its witnesses claimed that if anything is owed the plaintiff it can only amount to $34,946. The defendant claims in defense that the plaintiff from time to time wrote checks on the defendant's account which the plaintiff may have used to pay himself without making proper bookkeeping entries noting the same. The plaintiff contends that such was never the case, that all payments made were to creditors of the Academy to satisfy goods or services supplied to the defendant.
After consideration of all the evidence offered to the court, including evidence and argument on behalf of the defendant in opposition to the application and in support of the request for a prejudgment remedy on the defendant's counterclaim, the court concludes that there is probable cause to support the plaintiff's First Count. The court makes no finding as to the claims set out in the remaining counts as there appear to be legal and factual questions which can best be resolved by a trial on the merits.
The standard of proof required for granting a prejudgment remedy is a simple determination which there is probable cause to sustain the validity of the plaintiff's claim. The plaintiff is not required to prove that he will prevail at the trial on the merits. Ledgebrook CondominiumAssn., Inc. v. Lusk Corporation, 172 Conn. 577. See also Dow and Condon,Inc. v. Anderson, 203 Conn. 475, 479. "The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." Wallv. Toomey, 52 Conn. 35, 36.
Accordingly, a prejudgment remedy by way of attachment of real CT Page 8219 estate owned by the defendant to the extent of $200,000 is granted.
As to the defendant's special defenses and request for its own prejudgment remedy to secure its counterclaim, the court concludes that the sharply disputed facts surrounding the allegations of the defendant's counterclaim preclude any finding of probable cause and the defendant's application is denied.
 ___________________ George W. Ripley II Judge Trial Referee