[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned administrative appeal brings two entities of state government before this court in a case that has engendered numerous motions and resulted in preparation of more than a hundred pages of briefs. At issue is a longevity payment in the amount of $867.00 ordered to be paid to a state employee, Stephen A. Faroni, who resigned in 1993 after sixteen years of CT Page 13825 service.
A. Aggrievement
The plaintiff's status as an aggrieved party is not contested and the court finds that the plaintiff is aggrieved.
B. Jurisdiction of Employees' Review Board
The plaintiff, Connecticut Department of Administrative Services, raises as an initial issue a claim that the state Employees' Review Board ("Board") had no jurisdiction to decide a managerial employee's claim that he was owed a longevity payment. The plaintiff notes that General Statutes § 5-202(f) excluded from the Board's jurisdiction "compensation for class or classes or duties." Several trial courts had construed this phrase broadly as excluding from the Board's jurisdiction all claims involving compensation. A recent Public Act, P.A. 94-194, establishes that no such broad construction was or is now warranted. That legislation is titled "An Act Clarifying the Types of Matters Appealable by State Employees to the Employees' Review Board and Extending the Time for Appeals to the Board." The clarification adopted by the legislature was to drop the words "or duties" and add a reference to "classification of a position," so that the excluded issues are "compensation for class or classes, establishment of a new class or classes, classification of a position. . . ." The Public Act is expressly denominated a "clarification" of the existing statute rather than amendment of it. That clarification is that the legislature did not mean to exclude from the Board's jurisdiction all disputes involving compensation for duties" as some judges had thought, but only issues of the classification of positions and the rate of compensation for each class or classification.
The court has reviewed the legislative history of P.A. 94-194. The enactment was termed a "clarification" of the existing statute when it was introduced in both houses of the General Assembly. House of Representatives Proceedings of May 5, 1994, page 007759; Senate Proceedings of April 6, 1994, page 000708. It passed without substantial debate upon the recommendation of the Joint Committee on Labor and Public Employees. See Proceedings of March 1, 1994, pages 000178-205, 290-294.
The fundamental objective of statutory construction is to ascertain and give effect to the apparent intent of the CT Page 13826 legislature. Concept Associates, Ltd. v. Board of Tax Review,229 Conn. 618, 622 (1994); Warkentine v. Burns, 223 Conn. 14, 20
(1992). Where the legislature has clearly indicated that it is clarifying the scope of an exclusion, effect must be given to that clarification by rejecting the plaintiff's position that the statute excluded all disputes over compensation or benefits.
Since the dispute at issue did not concern the pay rate for a class or classification, the court finds that the Board had subject matter jurisdiction and that it did not act beyond its authority. The Connecticut Supreme Court has steadily recognized that "a subsequent amendment to an existing state may clarify the legislature's original intent." Prudential Property CasualtyInsurance Co. v. Bannon, 233 Conn. 243, 249 (1995); Pollio v.Planning Commission, 232 Conn. 44, 56 (1995); Daly v. DelPonte,225 Conn. 449, 511 (1993). An amendment which in effect construes and clarifies a prior statute must be accepted as the legislative declaration of the meaning of the original act. PrudentialProperty Casualty Insurance Co. v. Bannon, 233 Conn. 249;Kluttz v. Howard, 228 Conn. 401, 409 (1994); Shelton v.Commissioner, 193 Conn. 506, 513-14 (1984).
C. Standard of Review
The standard of review is that articulated in General Statutes § 4-183(j). A court reviewing the factual and discretionary determinations of an administrative agency must accord such findings considerable weight. Connecticut HospitalAss'n. Inc. v. Commission on Hospitals and Health Care,200 Conn. 133, 140 (1986). As to legal determinations, deference is to be accorded to the construction of a statute by the agency charged with its enforcement. Perkins v. Freedom of InformationCommission, 228 Conn. 158, 165 (1994).
D. Substantive and Procedural Issues
The plaintiff has raised several claims concerning the procedure the board followed and the conclusion it reached. One of those issues is the claim, not made at the administrative hearing, that the board lacked jurisdiction because the employee did not timely resort to all steps of the review procedure set forth in General Statutes § 5-202. At the administrative hearing, the plaintiff's representative, Frank Bochniewicz, stated "Well, you certainly have jurisdiction." (Tr. p. 7) and he never raised the issue of timeliness of complaints or CT Page 13827 completeness of the grievant's resort to the various levels of the grievance procedure. Such procedural requirements are subject to waiver, and by failing to raise them before the administrative board, the plaintiff has waived them. With some exceptions not present here, claims not pursued at the administrative hearing cannot be pursued for the first time on appeal to the Superior Court. See, e.g., Burnham v. Administrator, 184 Conn. 317, 323
(1981). To hold otherwise would be to deprive the board of the opportunity to consider the applicable facts, make its ruling, and state the reasons for its action. Unemployment CompensationCommission v. Aragon, 329 U.S. 143, 185 (1946); New Haven v.Public Utilities Commission, 165 Conn. 687, 726-28 (1974).
Because the issue of timely exhaustion of all required steps pursuant to § 5-202 was not raised at the administrative level and is deemed waived, it is not necessary for this court to address the claims made in the plaintiff's motion to strike attachments to the defendant's brief. Those attachments relate to an issue not properly preserved for review by this court.
Each of the other issues raised in this appeal has been exhaustively and persuasively briefed by the board. As to each of those issues, the court adopts the well-reasoned position of the defendant board. Its rulings appear to be consonant with the statutory role of the board in guarding against unfairness and arbitrariness by the state government in its capacity as an employer with regard to those employees not represented by a union.
Conclusion
The appeal is dismissed, and the plaintiff is ordered to pay $867.00 to defendant Stephen A. Faroni.
Beverly J. Hodgson Judge of the Superior Court