MICHAEL AUGERI ET AL. *v.* C. F. WOODING COMPANY

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued June 7—decision released August 30, 1977

*Robert L. Fay,* with whom, on the brief, was *Richard C. Hannan, Jr.,* for the appellant (defendant).

*Cathleen Mulligan,* with whom, on the brief, was *Socrates H. Mihalakos,* for the appellees (plaintiffs).

LOISELLE, J. The defendant has appealed from an order granting the named plaintiff a prejudgment remedy in an action for breach of contract. The issue is whether the lower court erred in concluding that the plaintiff had established probable cause that the parties had entered into a valid and enforceable contract.

The defendant has briefed only one attack on the finding, that made upon the conclusion that the plaintiff had shown probable cause to sustain the validity of his claim. The court found that the plaintiff, an automobile dealer contemplating a move to a new location, entered into negotiations with the defendant building contractor, and on July 28, 1973, the parties entered into an agreement concerning the construction of new facilities, at a cost not to exceed $250,000. The defendant moved equipment to the site, preparatory to undertaking construction, but a dispute arose, and the defendant claimed it could not build the structure for that price. When the dispute was not resolved, the defendant left the site and the plaintiff entered into an agreement with another contractor at a higher price.

The court found that the plaintiff had shown probable cause to sustain the validity of his claim, and granted a prejudgment remedy of $100,000.

The defendant's sole claim presented on appeal is that the agreement between the parties contained so many open terms that it was not enforceable. This claim was overruled by the trial court. The defendant alleges that the agreement did not mention the type of building or its location, the type, kind or size of outside storage enclosures, that it provided for "landscaping to be whatever is deemed necessary," "whatever is deemed necessary to light

the complete area as suggested by the Connecticut Light and Power Co.," that defendant was to "design plans according with Mr. Michael Augeri and Mr. Walter Damuck's layout," that no mention was made of the kind or type of site work, foundation, heating, air conditioning, insulation, plumbing, electrical and other details, and that there was no time for commencement or completion, and no mention as to when or by whom payment was to be made to the defendant.

Section 52-278c of the General Statutes requires a hearing prior to the granting of most prejudgment remedies. In this case, such a hearing was held, and the defendant appeared and was heard. Thus this appeal presents no constitutional problem. See, e.g., *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.*, 168 Conn. 371, 362 A.2d 778.

Section 52-278d of the General Statutes requires that the hearing be "limited to a determination of whether or not there is probable cause to sustain the validity of the plaintiff's claim." Because "[t]he adjudication made by the court on the application for a prejudgment remedy is not part of the proceedings ultimately to decide the validity and merits of the plaintiff's cause of action"; *E. J. Hansen Elevator, Inc.* v. *Stoll*, 167 Conn. 623, 628–29, 356 A.2d 893; the plaintiff need not establish by a preponderance of the evidence the final merit of his claim, but only its probable validity. See also *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation*, 172 Conn. 577, 583, 376 A.2d 60.

It should be observed that "probable cause to sustain the validity of the plaintiff's claim" differs significantly from the probable cause standard used

in criminal cases. See, e.g., *State* v. *Wilson,* 153 Conn. 39, 41–42, 212 A.2d 75. In the latter, defenses are not weighed because there is no opportunity for the defendant to be heard before the determination of probable cause is made, but at a prejudgment remedy hearing a good defense, such as infancy or the running of the statute of limitations, will be enough to show that there is no "probable cause that judgment will be rendered in the matter in favor of the plaintiff." General Statutes § 52-278c (A) (b). Thus the court, at the hearing on an application for a prejudgment remedy, must evaluate the arguments and evidence produced by both parties.

The hearing, however, is not intended to be a full-scale trial on the merits. The court, without making any final decision on these matters, may weigh the oral testimony and the documentary proof submitted. In reaching its determination of probable success on the merits it is essentially weighing probabilities, and in this it must have a broad discretion. In the absence of clear error, this court should not overrule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised and to weigh the credibility of at least some of the witnesses.

In the present case, it cannot be said that the court below was clearly in error in finding the agreement not illusory or so indefinite as to be unenforceable. The defendant's president admitted that it brought equipment to the site and spent $20,000. The court may well have believed it probable that the missing terms in the contract could be supplied either through the part performance or through parol evidence. Under established principles of contract law, an agreement must be definite and cer-

tain as to its terms and requirements. *Hartford & New Haven R. Co.* v. *Jackson,* 24 Conn. 514; Corbin, Contracts (3d Ed.) § 95; 17 Am. Jur. 2d, Contracts, § 75. But "if the promise on one side of an agreement was too indefinite and vague for enforcement, such promise may be made definite by entire or partial performance by that side, and the agreement, even if originally unenforceable because too vague, then becomes binding. 1 Williston on Contracts, p. 82." *Palumbo* v. *Fuller Co.,* 99 Conn. 353, 362, 122 A. 63. It is also possible that the court may have believed that the plaintiff could enforce the contract with the missing terms filled in at a reasonable level.

In *Spicer* v. *Hincks,* 113 Conn. 366, 371, 155 A. 508, in holding that a broker's agreement with a customer "to be lenient . . . in times of stress" was not too vague to be enforceable, the court stated (p. 370) : " 'Courts very reluctantly reject an agreement regularly and fairly made as unintelligible or insensible. It will be sustained if the meaning of the parties can be ascertained, either from the express terms . . . or by fair implication.' 1 Elliott on Contracts, § 170; Williston on Contracts, §§ 37, 1620; 6 R.C.L. 645." See also Restatement (Second), Contracts, T.D. Nos. 1–7, § 32, illustration 11; 1 Corbin, Contracts, § 29; 17 Am. Jur. 2d, Contracts, §§ 75, 76. "[E]ven though an agreement may be too indefinite in its terms to be specifically enforced, it may be certain enough to constitute a valid contract for breach of which damages may be recovered." *Gulbenkian* v. *Gulbenkian,* 147 F.2d 173, 175 (2d Cir.).

Of course, it may appear at the trial that the contract was indeed too indefinite to be enforceable.

That will be a question for the trier of fact. *Harry A. Finman & Son, Inc. v. Connecticut Truck & Trailer Service Co.,* 169 Conn. 407, 409, 363 A.2d 86. At this stage of the proceedings, however, there appears to be no abuse of discretion in the court's overruling of the defendant's claim that the contract was too indefinite to be enforceable.

There is no error.

In this opinion the other judges concurred.