DOROTHY MCCAHILL *v.* TOWN & COUNTRY ASSOCIATES, LTD.

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued June 2—decision released July 21, 1981

---

38

 

*Richard P. Weinstein,* for the appellant (defendant).

*Eliot B. Gersten,* with whom, on the brief, was *John P. Clifford, Jr.,* for the appellee (plaintiff).

PARSKEY, J. The plaintiff, Dorothy McCahill, and the defendant, Town & Country Associates, Ltd., entered into a contract for the construction of a garage. The plaintiff claims that the defendant's work was defective and applied to the trial court for a prejudgment remedy to garnish property of the defendant. At the hearing held on August 12, 1980, both parties appeared and the trial court entered an order granting the plaintiff's application.

The plaintiff had appended repair estimates to her complaint which were admitted into evidence by the court as business entries over the defendant's hearsay objection. The defendant took an exception to the court's ruling and appeals to this court, claiming: (1) that the trial court erred in admitting into evidence the repair estimates without a proper foundation to qualify them as business records, and (2) that, in the absence of properly admitted evidence on the amount of damages, the trial court erred in granting the plaintiff's prejudgment remedy.

In considering an application for a prejudgment remedy, the trial court determines whether or not there exists "probable cause to sustain the validity of the plaintiff's claim." General Statutes § 52-278d.

The hearing is not intended to be a trial on the merits. *Augeri* v. *C. F. Wooding Co.,* 173 Conn. 426, 429, 378 A.2d 538 (1977). The plaintiff is not required to establish her case by a fair preponderance of the evidence but need only show the probable validity of her claim. Id., 428. The task of the trial court is essentially one of weighing probabilities; that task requires the exercise of broad discretion. Id., 429. The court, in making its determination of probable cause, does so on the basis of the facts before it. Included in those facts are those contained in the affidavit required by General Statutes § 52-278c. Regarding damages, if there is an uncontradicted statement in an affidavit that the affiant believes that it is probable that a stated sum may be recovered upon a trial, and such belief is founded on reasonable subordinate facts, this will ordinarily be sufficient to support probable cause for an attachment. *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* 172 Conn. 577, 585, 376 A.2d 60 (1977).

At the hearing on the application the plaintiff offered in evidence estimates covering the cost of repairs alleged to be required to remedy the defendant's defective workmanship. The court received these estimates as business records over the objection of the defendant that the estimates were inadmissible hearsay. The defendant duly took exception to the court's ruling. In reviewing this ruling we are not required to decide whether, for the limited purpose involved here, the estimates, even though hearsay, were admissible if reliable. See generally Younger, "Reflections on the Rule Against Hearsay," 32 S.C.L. Rev. 281 (1980); Davis, "Hearsay in Nonjury Cases," 83 Harv. L. Rev. 1362 (1970); Friendly, "Some Kind of Hear-

ing," 123 U. Pa. L. Rev. 1267 (1975). Instead we shall address the issue as treated by the parties. *Mitchell* v. *King,* 169 Conn. 140, 145, 363 A.2d 68 (1975).

The business records exception to the rule against the admission of hearsay evidence requires that a certain foundation be laid before admitting the evidence offered. General Statutes § 52-180. The proponent need not produce as a witness the person who made the record or show that such person is unavailable but must establish that the record "was made in the regular course of any business, and that it was the regular course of such business to make such writing or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter." Id. In this case, no evidence was produced by the plaintiff to establish that the repair estimates attached to her complaint conformed to the requirements of § 52-180. See *Orzechowski* v. *Higgins,* 146 Conn. 463, 152 A.2d 510 (1959). The trial court's ruling was therefore erroneous.

Although the ruling was erroneous, the defendant is not entitled to relief unless the error is also harmful. *DeCarufel* v. *Colonial Trust Co.,* 143 Conn. 18, 21, 118 A.2d 798 (1955). In this case there was other evidence which was sufficient to support the court's judgment. The court had before it the plaintiff's complaint containing a contract wherein the defendant agreed to construct a garage on the plaintiff's property for the price of $13,000, the plaintiff's application for a prejudgment remedy in the amount of $6500, the plaintiff's affidavit wherein she gave her opinion and assertion that the facts contained in the complaint and applica-

tion were true, and detailed testimony of the nature and extent of the damage to the garage. In cases involving a breach of a construction contract damages are measured either by the reasonable cost of construction and completion in accordance with the contract or by the diminished value of the property if construction and completion in accordance with the contract would involve unreasonable economic waste. *Levesque* v. *D & M Builders, Inc.,* 170 Conn. 177, 181, 365 A.2d 1216 (1976). Since the difference in value between the property if properly constructed and the value as it actually was is a proper test in any event; *Johnson* v. *Healy,* 176 Conn. 97, 106, 405 A.2d 54 (1978); the plaintiff is not precluded from relying on it even in situations where the reasonable cost of construction approach would not involve unreasonable economic waste. Diminished value may be established by opinion if, based on all the evidence, the trier finds the opinion credible. The plaintiff as the owner of the property was qualified to render an opinion of its value; *Misisco* v. *La Maita,* 150 Conn. 680, 684, 192 A.2d 891 (1963); including its diminished value. Liberally viewed, the testimonial and documentary evidence was sufficient to support the proposition that, as a result of the defendant's poor workmanship, the plaintiff has sustained damage in the amount of $6500 and that a prejudgment remedy in such amount was justified.

There is no error.

In this opinion the other judges concurred.