[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on defendant's Motion to Dissolve or to Modify a Prejudgment Remedy granted by Judge Harrigan on April 22, 1988.
Plaintiff alleges that she entered into a contract relating to construction at plaintiff's residence. She claims that the contract was entered into with defendant A. F. Barbarotta Co., Inc. (Company). She further asserts that Alfonso F. Barbarotta, Jr. is the alter ego of the company and is liable for whatever damages are awarded the plaintiff. CT Page 587
This motion was brought by the individual defendant to dissolve or modify the ex parte attachment placed upon his individual residence.
In its memorandum of law the defendant contends that the contract was with the company and not Barbarotta individually; that plaintiff breached the contract and that if a prejudgment remedy were to remain, it should be in a substantially lower amount.
The plaintiff alleges, and has proved at the hearing, that Barbarotta is the sole shareholder of the company.
Further, no shareholder meetings were ever held nor were minutes ever kept. Because of the defendant's action, the plaintiff asserts, the instrumentality test laid out in Zaist v. Olson, 154 Conn. 563 (1967) has been fully satisfied.
The defendant relies upon Falcon v. Night Watchman, Inc.,11 Conn. App. 218 (1987), wherein the corporate veil was successfully pierced. This court agrees with the defendant's position that there are many dissimilarities between Falcon and the instant case.
This court however at this stage of the proceedings must determine whether probable cause exists. Our Supreme Court has consistently held that proof of probable cause to obtain a prejudgment remedy is less demanding than proof by air preponderance of evidence. O'Brien v. Seyer, 183 Conn. 199,209 (1981). Probable cause to sustain the validity of the claim in a civil action differs significantly from the probable cause standard used in a criminal case. Augeri v. Wooding,173 Conn. 426, 428 (1977).
The court, therefore, finds that the plaintiff has in fact sustained her burden en in having an ex parte prejudgment attachment issue.
However, on the basis of the evidence presented the court does not feel that the plaintiff has carried her burden sufficiently to justify an attachment in the amount of $200,000.00.
On the basis of the evidence presented the court will modify the attachment and reduce it to $50,000.00.
SOCRATES H. MIHALAKOS, JUDGE CT Page 588