[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AND ORDER REGARDING APPLICATION OF PJR ATTACHMENT RELATIVE TO INDEBTEDNESS SECURED BY MORTGAGE
On or about February 4, 1988, the plaintiff, Kazimer Pulaski Club, entered into a written offer to sell premises known as 42-46 Bridge Street in Shelton, Connecticut to the defendants A. Jerome Zacchia and John Sekelsky for $285,000. The offer was contingent on the defendant's obtaining a bank mortgage for $213,000 with a duration of twenty years. Prior to the closing date, the plaintiff and defendants allegedly entered into an oral agreement wherein the seller would take back a $150,000 purchase money mortgage from the buyers. This agreement was memorialized as a mortgage deed. The closing was held on August 17, 1988, and at that time, the seller was given a purchase money mortgage for $150,000 and the third defendant, Raymond Baldwin, Jr., the attorney for Zacchia and Sekelsky, CT Page 9477 allegedly agreed to record the mortgage deed. The purchase money mortgage deed was not recorded until more than a year later and after the recording of a substantial mortgage in the amount of $328,000 to Mechanics and Farmers Bank.
On June 17, 1991, the plaintiff filed a complaint and application for a prejudgment remedy seeking to attach the interest of Zacchia and Baldwin in the amount of $165,000. The complaint sets forth three counts alleging: (1) Breach of the agreement by the defendants to give the plaintiff a first mortgage; (2) breach of the duty by the defendants to timely file the mortgage deed; and (3) that the defendants' failure to file the mortgage deed in a timely fashion constituted an unfair and deceptive trade practice in violation of 42-110b of the General Statutes. The application for prejudgment remedy seeks to attach the real property of the defendant. A hearing was held before the court, pursuant to 52-278d of the General Statutes.
A prejudgment remedy is defined by statute as:
 [A]ny remedy or combination of remedies that enables a person by way of attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment. . . .
General Statutes 52-278; Fermont Division v. Smith, 178 Conn. 393,398, 423 A.2d 80 (1979). Since prejudgment remedies did not exist as common law and are "creatures of statute," [n]o party may obtain a prejudgment remedy in any action unless the party seeking the prejudgment remedy has complied with the statutory mandates. Ford Motor Credit Co. v. B.W. Beardsley, Inc., 208 Conn. 13, 17, 542 A.2d 1149 (1988). Essex Group Inc. v. Ducci Electric Co., 181 Conn. 524, 525 436 A.2d 16 (1980); Ledgebrook Condominium Assn., Inc. v. Lusk Corporation, 172 Conn. 577
583, 376 A.2d 60 (1977).
Section 52-278(a) of the General Statutes gives the defendant in a prejudgment remedy application the right to appear and be heard at a hearing. Moreover, "[t]he hearing shall be limited to a determination of whether or not there is probable cause to sustain the validity of the plaintiff's claim." General Statutes 52-278c. (Emphasis added).
 `The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for CT Page 9478 the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it.' Wall v. Toomey, 52 Conn. 36, 36 (1884). Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false. Texas v. Brown 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim.
New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 620,569 A.2d 1098 (1990). The role of a trial court in the hearing is to determine the probable success of the plaintiff by weighing probabilities, id., and that role requires the exercise of broad discretion by the court. Three S. Development Co. v. Santore193 Conn. 174, 176, 474 A.2d 795 (1984), McCahill v. Town 
Country Associates, Ltd., 185 Conn. 37 39 440 A.2d 801 (1981). "The court, in making its determination of probable cause, does so on the basis of the facts before it. Included among those facts are those contained in the affidavit required by General Statutes 52-178c," McCahill, supra, 39; General Statutes52-278c(3), oral testimony, and documentary proof submitted by both parties. Soloman v. Oberman, 196 Conn. 359, 363493 A.2d 193 (1985); William Raveis Associates, Inc. v. Kimball,186 Conn. 329, 331, 441 A.2d 200 (1982).
At the hearing on the application for prejudgment remedy the parties stipulated 1) to the admission of the sales contract and relevant mortgages as exhibits, 2) that the sales price of the subject property was $285,000 and 3) that the $328,000 construction mortgage to Mechanics and Farmers Bank was recorded by the defendants prior to their recording of the $150,000 subject purchase money mortgage.
According to the defendants the parties understood at all material times that the subject purchase money mortgage would be recorded after the recording of the mortgages of Mechanics and Farmer's Bank. The plaintiff's position is just the opposite.
The plaintiff, in the present action, argues that the oral agreement that the purchase money mortgage was a first mortgage merged with the purchase money mortgage deed when the mortgage deed was executed, and thus, the court should look only to this mortgage deed in its review of prejudgment remedies. The defendants claim that the court should hear their testimony to the effect that the parties had a verbal agreement supporting CT Page 9479 the recording of the purchase money mortgage deed after the recording of the mortgage to Mechanics and Farmers Bank.
The general rule concerning the merger of an antecedent agreement into a deed is that "`acceptance of a deed in pursuance of articles of agreement for the conveyance of land is prima facie the completion of the contract; and all stipulations contained therein. . . are merged in the deed although omitted therefrom.'" Knight v. Breckheimer, 3 Conn. App. 487, 490,489 A.2d 1066 (1985), quoting 84 ALR 1008 1010; see, also Kelly v. Karam, 6 Conn. Cir. 341, 345 (1970).
The mortgage deed delivered by the defendant contained the words "with mortgage convenants." Section 47-361 of the General Statutes states:
 In any conveyance of real property the words "with mortgage covenants" have the full force meaning and effect of the following words. "The mortgagor covenants with the mortgagee that he is lawfully seized in fee simple of the mortgaged premises, that the same are free from all encumbrances except as therein set forth; that he has good right, full power and lawful authority to sell and convey the same to the mortgagee and that he, the mortgagor, and his heirs and assigns executors and administrators shall and will warrant and defend the same to the mortgagee and his heirs and assigns forever against the claims and demands of all persons except as therein set forth."
General Statutes 47-361. (Emphasis added) Since the purchase money mortgage deed includes only the priority of this mortgage any oral agreement concerning whether this mortgage was to be a first or second mortgage has merged with this mortgage deed. Furthermore, the application of Conn. Gen. Stat. 47-311 to this purchase money mortgage establishes it to be a first mortgage.
From the foregoing interpretation of the phase "with mortgage covenants" and the application of that interpretation, as well as the merger doctrine, to the facts at bar, this Court finds that the plaintiff has sustained its burden of establishing a bona fide belief in, and therefore has established probable cause under Conn. Gen. Stat. 52-278d for the validity of the claim set out in the first count of the complaint.
Accordingly the Court issues the following Order
1). That defendant A. Jerome Zacchia shall neither CT Page 9480 transfer nor encumber the premises known as 8 Farmhouse Lane in Shelton, Connecticut, until further order of this Court; and
2). To the extent that the amount of the prejudgment remedy depends upon a determination of the issue of the amount of plaintiff's financial insecurity from a mortgage perspective the parties should claim a hearing on this issue.
Jones, J.