FLEET BANK OF CONNECTICUT *v.* VINCENT J. DOWLING, JR.

FLEET BANK OF CONNECTICUT *v.* VINCENT J. DOWLING, SR.
(14610)

PETERS, C. J., CALLAHAN, BERDON, KATZ and PALMER, JS.

Argued March 31—decision released April 27, 1993

*Kerry M. Wisser,* with whom was *Jennifer C. Jaff,* for the appellants (defendants).

*Robert A. Izard, Jr.,* with whom were *Denise M. Cloutier* and, on the brief, *Linda L. Morkan,* for the appellee (plaintiff).

PER CURIAM. We granted a petition for certification in these cases to permit the defendants, Vincent J. Dowling, Jr., and Vincent J. Dowling, Sr., to challenge the sufficiency of the evidence adduced by the plaintiff, Fleet Bank of Connecticut, to establish probable cause for the issuance of a prejudgment remedy. The

plaintiff's complaints allege that each of the defendants, in violation of his contractual and statutory obligations, has failed to reimburse the plaintiff for payments made to designated third party beneficiaries pursuant to two irrevocable letters of credit. The Appellate Court concluded that the trial court had not committed clear error in its determination that the plaintiff had established probable cause to sustain the validity of its claims because the plaintiff had presented evidence that the defendants either had caused the plaintiff to issue the letters of credit or had requested their issuance. *Fleet Bank of Connecticut* v. *Dowling,* 28 Conn. App. 221, 225–26, 610 A.2d 707 (1992).

The question that we certified is: "Did the plaintiff establish probable cause in its application for a prejudgment remedy, in which it alleged that the defendants had agreed to reimburse the plaintiff for the amounts drawn under letters of credit issued by the plaintiff?" *Fleet Bank of Connecticut* v. *Dowling,* 223 Conn. 921, 614 A.2d 821 (1992). In their appeal to this court, the defendants argue that this question should be answered in the negative because, before the trial court, the only evidence of any reimbursement agreement was an allegation in an affidavit of a bank officer. The defendants argue that an affidavit cannot, on its own, constitute a sufficient basis for a finding of probable cause for issuance of a prejudgment remedy. The plaintiff maintains, however, that the certified question is not dispositive of this appeal because, in light of the statutory obligation to reimburse contained in General Statutes § 42a-5-114 (3);[1] *Armac Industries, Ltd.* v. *Citytrust,*

---

[1] General Statutes § 42a-5-114 provides in relevant part: "ISSUER'S DUTY AND PRIVILEGE TO HONOR; RIGHT TO REIMBURSEMENT. . . .

"(3) Unless otherwise agreed an issuer which has duly honored a draft or demand for payment is entitled to immediate reimbursement of any payment made under the credit and to be put in effectively available funds not later than the day before maturity of any acceptance made under the credit."

203 Conn. 394, 398–99, 525 A.2d 77 (1987); the absence of express reimbursement agreements is not fatal to the plaintiff's prejudgment remedy applications.[2] As the plaintiff correctly observes, the Appellate Court, in sustaining the prejudgment remedies, relied on a number of factors tending to establish the defendants' statutory duty to reimburse the plaintiff in addition to the challenged reimbursement agreements. See *Fleet Bank of Connecticut* v. *Dowling,* supra, 28 Conn. App. 225–26.

The ultimate issue is not the validity of one allegation adduced by the plaintiff to establish its claim to a prejudgment remedy but the validity of the prejudgment remedy in its entirety. This dispositive issue has been fully considered in the opinion of the Appellate Court and it would serve no useful purpose for us to repeat the discussion therein contained. After examining the record on appeal and after considering the briefs and the arguments of the parties, we have concluded, therefore, that the appeal in this case should be dismissed on the ground that certification was improvidently granted. See *Booth* v. *Flanagan,* 220 Conn. 453, 454–55, 599 A.2d 380 (1991); *Lawler* v. *Lawler,* 212 Conn. 117, 119, 561 A.2d 128 (1989).

The appeal is dismissed.

---

[2] The plaintiff also contends that this court should not address the sufficiency of the affidavit to establish probable cause because this issue was not raised by the defendants either in the trial court or before the Appellate Court. In view of our disposition of this appeal, we need not address this contention.