[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Frank Giordano and Michelle Giordano seek an attachment of the real property of the defendant, Frank P. Giordano, Sr. Over the course of three days, the court conducted a hearing as to probable cause, at which all parties had a full opportunity to testify and to present witnesses.
The defendant asserts that a prejudgment attachment of his real property cannot be authorized unless the plaintiffs post a bond as well as establishing probable cause that they will prevail on the merits of their claims. This court finds, as did the Second Circuit Court of Appeals in Shaumyan v. O'Neill, ___ F.2d ___, Docket No. 92-7656 (2d Cir., 1993), that a full adversary hearing on the issue of probable cause provides sufficient protection from erroneous deprivation of property and that the further protection of a bond is not constitutionally required.
The standard of proof as to a prejudgment attachment of property, applicable to tort cases as well as to other cases, Calfee v. Usman, 224 Conn. 29, 37 (1992), is probable cause that the plaintiff will, at the trial on the merits, sustain the validity of his or her claim. Id. The court's role at the hearing as to the prejudgment attachment is to "determine probable success by weighing probabilities [as to] . . . both legal and factual issues." Calfee, supra, at 37, citing New England Land Co. v. DeMarkey, 213 Conn. 612, 620 (1990); Augeri v. C. F. Wording Co., 173 Conn. 426, 429 (1977).
The court's weighing of the testimony presented leads to a conclusion that the plaintiffs have demonstrated that they are likely to prevail on their claim that the defendant subjected them to sexual abuse on various occasions in the period from 1975 to 1977. While the evidence adduced establishes probable cause CT Page 5836 that they will establish liability for intentional and/or negligent infliction of emotional distress at the time of the sexual acts described and for a period of several years thereafter, the plaintiffs have not demonstrated the requisite likelihood of success on the merits of their claims that all of their many problems and deficiencies as teenagers and young adults were caused by the defendant's actions, rather than by such other causes as their mother's absence, their parents' divorce, the conduct of their stepmother, the methods of childraising favored by their father before and after he remarried, and other sad, disruptive, and troubling events in their childhoods that did not involve the defendant. The court does, however, find that plaintiff Frank Giordano has established probable cause that his present sexual difficulties and flashbacks to abusive experiences are causally related to the childhood experiences at issue.
The defendant urges that the court should either deny the applications or reduce the amounts authorized because of his claim that 52-577d C.G.S., as amended by P.A. 91-240, is unconstitutional. This statute extends the statute of limitations for claims of sexual abuse to a date seventeen years after a person claiming to have been abused as a minor reaches the age of majority. The defendant presented evidence that because of the passage of time, he has been deprived of the ability to present some witnesses, in particular, that his elderly wife, to whom plaintiff Michelle Giordano testified she reported abuse, has become mentally confused and incapable of testifying. The evidence adduced did not establish a date before which this witness could have been able to testify, and the court therefore cannot determine whether the extension of the former statute of limitations (which provided that suit must be brought within two years of reaching majority) to a later date affected the defendant's ability to present this witness, or whether she would have been unable to testify even if suit had been brought within the limitation period in effect before the enactment ofP.A. 91-240.
The defendant has not demonstrated a likelihood that he will prevail on the merits of his claim that 52-577d C. G. S., as amended, is, as a matter of law, unconstitutional.
The court finds that plaintiff Frank Giordano has established probable cause that, as a result of the conduct alleged, he has incurred and will incur expenses for counselling, CT Page 5837 and that he has suffered mental distress, anxiety, and sexual difficulties as to which there is probable cause of recovery of money damages.
The court finds that plaintiff Michelle Giordano has established probable cause that, as a result of the conduct alleged, she has incurred and will incur expenses for counselling, and that she has suffered mental distress and anxiety as to which there is probable cause of recovery of money damages.
The plaintiffs' applications to attach the real property of the defendant are granted in the amounts indicated, and separate orders to that effect have been entered.
Beverly J. Hodgson Judge of the Superior Court