[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court pursuant to the Plaintiff's application for a prejudgment remedy. Hearings upon applications for prejudgment remedies are governed by Section 52-278d of the Connecticut General Statutes which provides in pertinent part that:
 (a) The defendant shall have the right to appear and be heard at the hearing. The hearing shall be limited to a determination of (1) whether or not there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff, (2) whether payment of any judgment that may be rendered against the defendant is adequately secured by insurance, (3) whether the property sought to be subjected to the prejudgment remedy is exempt from execution, and (4) if the court finds that the application for the prejudgment remedy should be granted, whether the plaintiff should be required to post a bond to secure the defendant CT Page 418 against damages that may result from the prejudgment remedy or whether the defendant should be allowed to substitute a bond for the prejudgment remedy. If the court, upon consideration of the facts before it and taking into account any defenses, counter-claims or set-offs, claims of exemption and claims of adequate insurance, finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought and finds that a prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court.
In determining whether there is ". . . probable cause that a judgment . . . will be rendered in the matter in favor of the plaintiff . . ." the Court must be guided by the principles that have been set forth in a line of cases interpreting this controlling statute. It is specifically noted that "probable cause is a flexible common sense standard . . . it does not demand that a belief be correct or more likely true than false . . . The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that [it] will prevail, only that there is probable cause to sustain the validity of the claim . . . The court's role in such a hearing is to determine probable success by weighing probabilities." Three S Development Co. v. Santore,193 Conn. 174, 175-176 (1984).
The Court is provided with further guidance of its role in a hearing upon an application for a prejudgment remedy hearing by reference to McCahill v. Town Country Associates Ltd.,185 Conn. 37, 39 (1981) wherein the Court noted that "The plaintiff is not required to establish her case by a fair preponderance of the evidence but need only show the probable validity of her claim."
As regards the rights of a party resisting an application, our Supreme Court has held that since a person's property rights would be affected by the granting of any prejudgment remedy, due process requires that a party resisting the application be heard "in a meaningful manner", Ledgebrook Condominium Assn. Inc. v.Lusk Corporation, 172 Conn. 577, 583 (1977). This necessarily means that "a good defense . . . will be enough to show that there is no probable cause that judgment will be rendered in the CT Page 419 matter in favor of the plaintiff", Augeri v. C. F. Wooding,173 Conn. 426, 429 (1977).
With these guiding principles in mind, a trial judge upon the conclusion of a prejudgment remedy hearing, having heard all of the evidence presented regarding the allegations of the complaint, and having assessed the credibility of the witnesses at such hearing, must bear in mind the civil standard of proof at trial and in that context decide, not whether the applicant has met that "trial" standard but determine the applicant's probable chances of success at the subsequent trial on the merits in light of the evidence presented at the hearing.
Much evidence has been presented to the Court over the course of the hearing in this matter but the essential dispute between the parties here simply centers upon whether a transfer of $55,500.00 from the Plaintiff to the Defendant was a "loan" or a "gift".
The Plaintiff naturally asserts that the transfer of funds was in the nature of a loan and accordingly seeks a prejudgment attachment to secure repayment of the loan. The Defendant asserts that the said transfer of funds was a "gift" from the Plaintiff made to assist the Defendant in the purchase of a home in June of 1993.
Having carefully considered all of the evidence and having further assessed the credibility of the witnesses who have testified at the hearing, the Court concludes that the Plaintiff has met his burden in establishing that there is probable cause to sustain the validity of the claim.
As regards the Defendant's claim of a homestead exemption under C.G.S. § 52-352b(t) being a bar to Plaintiff's prejudgment attachment, the Court notes that the protection afforded an exemptioner under Conn. Gen. Stat. § 52-352b does not bar a creditor from encumbering the exemptioner's real property with a prejudgment attachment, but rather, only bars execution on the lien. The Court notes further that the homestead exemption of Conn. Gen. Stat. § 52-352b cannot be applied retrospectively as against obligations or claims existing prior to October 1, 1993. The claimed obligation here of the Defendant to the Plaintiff existed prior to October 1, 1993. The exemption statute came into effect October 1, 1993. The exemption statute does not apply to this action because this debt did not arise CT Page 420 after October 1, 1993. PA 93-350.
Accordingly, the Plaintiff's request for issuance of a prejudgment remedy attachment is granted in the amount of $55,500.00 only. Issues regarding the Plaintiff's claim for interest and attorney's fees will be addressed at the trial on the merits.
BY THE COURT
CARROLL, J.
[EDITORS' NOTE: CT Page 421 to 423 are blank.] CT Page 424