[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court pursuant to the Plaintiff's application for a prejudgment remedy. Hearings upon applications for prejudgment remedies are governed by Section 52-278d of the Connecticut General Statutes which provides in pertinent part that:
 (a) The defendant shall have the right to appear and be heard at the hearing. The hearing shall be limited to a determination of (1) whether or not there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff, (2) whether payment of any judgment that may be rendered against the defendant is adequately secured by insurance, (3) whether the property sought to be subjected to the prejudgment remedy is exempt from execution, and (4) if the court finds that the application for the prejudgment remedy should be granted, whether the plaintiff should be required to post a bond to secure the defendant against damages that may result from the prejudgment remedy or whether the defendant should be allowed to substitute a bond for the prejudgment remedy. If the court, upon consideration of the facts before it and taking into account any defenses, counter-claims or set-offs, claims of exemption and claims of adequate insurance, finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought and finds that a prejudgment remedy securing the judgment CT Page 304 should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court.
In determining whether there is ". . . probable cause that a judgment . . . will be rendered in the matter in favor of the plaintiff . . ." the Court must be guided by the principles that have been set forth in a line of cases interpreting this controlling statute. It is specifically noted that "probable cause is a flexible common sense standard . . . it does not demand that a belief be correct or more likely true than false . . . The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that [it] will prevail, only that there is probable cause to sustain the validity of the claim . . . The court's role in such a hearing is to determine probable success by weighing probabilities." Three S Development Co. v. Santore,193 Conn. 174, 175-176 (1984).
The Court is provided with further guidance of its role in a hearing upon an application for a prejudgment remedy hearing by reference to McCahill v. Town Country Associates Ltd.,185 Conn. 37, 39 (1981) wherein the Court noted that "The plaintiff is not required to establish her case by a fair preponderance of the evidence but need only show the probable validity of her claim."
As regards the rights of a party resisting an application, our Supreme Court has held that since a person's property rights would be affected by the granting of any prejudgment remedy, due process requires that a party resisting the application be heard "in a meaningful manner", Ledgebrook Condominium Assn. Inc. v.Lusk Corporation, 172 Conn. 577, 583 (1977). This necessarily means that "a good defense . . . will be enough to show that there is no probable cause that judgment will be rendered in the matter in favor of the plaintiff", Augeri v. C.F. Wooding,173 Conn. 426, 429 (1977).
With these guiding principles in mind, a trial judge upon the conclusion of a prejudgment remedy hearing, having heard all of the evidence presented regarding the allegations of the complaint, and having assessed the credibility of the witnesses at such hearing, must bear in mind the civil standard of proof at trial and in that context decide, not whether the applicant has met that "trial" standard but determine the applicant's probable CT Page 305 chances of success at the subsequent trial on the merits in light of the evidence presented at the hearing.
Having carefully considered all of the evidence and having further assessed the credibility of the witnesses who have testified at the hearing, the Court concludes that the Plaintiff has met its burden in establishing that there is probable cause to sustain the validity of the claim.
The Court adopts as its findings of fact the Proposed Findings of Fact as submitted by the Plaintiff under date of December 6, 1996 (Court File #103).
The Plaintiff's Application for a Prejudgment Remedy attachment is granted to secure the sum of $76,666.00 only, which amount represents the amount claimed to be due and owing to the Plaintiff from the time that the Defendant executed the "contract" in question through the date that the Defendant vacated the Plaintiff's home. The Plaintiff has not established probable cause to sustain the validity of that portion of her claim which seeks to recover payment for services she has rendered prior to execution of the "contact" in question.
If any monies garnished by the Plaintiff are presently in a bank, stock brokerage or similar account, the Defendant shall be entitled to use all interest and/or cash dividends earned on said accounts after such garnishment occurs.
The attachment granted by the Court shall not extend to monthly Social Security payments currently being made to the Plaintiff. To the extent that said Social Security payments are "direct deposited" into an account on behalf of the Plaintiff, the Plaintiff shall be permitted access to said funds as may be so "direct deposited" from this date forward.
BY THE COURT
CARROLL, J.
CT Page 306