[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff, Haynes Construction Company ("Haynes"), has brought an application for prejudgment remedy against Dominique Dorce d/b/a Sunshine Construction ("Dorce") and Sunshine Masonry Construction LLC ("Sunshine"). Haynes alleges a breach of contract as its basis for a prejudgment remedy pursuant to Chapter 903a, Connecticut General Statutes. C.G.S. § 52-278d (a)(1) imposes a probable cause standard of proof on the court in determining whether or not to grant the application for prejudgment remedy.
 "Proof of probable cause as a condition of obtaining a prejudgment remedy is not as demanding as proof by a fair preponderance of the evidence. `The legal idea of probable cause is a bona fide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it.' Wall v. Toomey, 52 Conn. 35, 36.
Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false. It is not necessary for the plaintiff to prove the cause by a fair preponderance of the evidence at the probable cause stage. McCahill v. Town CountryAssociates, Ltd., 185 Conn. 37, 39, 440 A.2d 801 (1981); Augeri v. C.F.Wooding Co., 173 Conn. 426, 428-29, 378 A.2d 538 (1977). A prejudgment remedy proceeding "is not contemplated to be a full scale trial on the merits," and "it does not lead to a final decision in any sense." (Internal quotations omitted.) Babiarz v. Hartford Special, Inc.,2 Conn. App. 388, 393, 480 A.2d 561 (1984). In making its determination of probable cause, the court may consider both facts set forth in the plaintiff's affidavit and facts presented at the hearing. McCahill, supra, 185 Conn. 39; Fleet Bank of Connecticut v. Dowling,28 Conn. App. 221, 225, 610 A.2d 707 (1992), appeal dismissed, CT Page 16563225 Conn. 447, 623 A.2d 1005 (1993). The probable cause standard applies not only to the factual issues, but to the legal issues as well.
Based on the foregoing standard of proof, the court finds that Haynes was a general contractor to construct a school in Newtown, Connecticut. Dorce and Sunshine entered into a subcontract with Haynes to provide masonry work in construction of said school. (See Plaintiff's Exhibit 1).
The masonry work performed by Dorce and Sunshine was deficient, substandard and unacceptable by the architect supervising the construction of the school building project. Thus, Dorce and Sunshine were in breach of contract.
The court finds that Haynes incurred costs and expenses in the net amount of $245,405.72 to remediate said defective work.[1]
The underlying subcontract (Plaintiff's Exhibit 2), including its face sheet, appear to be inartfully drawn as the face sheet refers to "Sunshine Masonry . . . Hereinafter `Subcontractor.'" Subcontractor on page 1 is undefined as to whether Subcontractor is a corporation/partnership/individual and the signatory page 11 refers to "Subcontractor: Sunshine Masonry Construction."
The signature line is signed nakedly as "Dominique Dorce" without any reference to a legal capacity by which Dominique Dorce signed.
The parties agree that the obligor under the subcontract was Sunshine Masonry Construction LLC despite the misnomer and the court so finds.
However, Haynes seeks to implicate Dominique Dorce personally by virtue of his naked signature on the subcontract.
"The law is settled that where an agent contracts in his own name, without disclosing his representative capacity, the agent is personally liable on the contract." Murphy v. Dell Corporation, 184 Conn. 581, 582
(1981); Diamond Match Company v. Crute, 145 Conn. 277, 279 (1958). "To avoid personal liability, it is the duty of an agent to disclose both the fact that he is acting in a representative capacity and the identity of his principal, since the party with whom he deals is not required to discover or make inquiries to discover these facts." ConnecticutLimousine Service, Inc. v. Powers, 7 Conn. App. 398, 401.
The court finds that Dominique Dorce failed to disclose his representative capacity and is therefore personally liable to Haynes. CT Page 16564
The court issues a prejudgment remedy in the amount of $245,405.72 as against both Dominique Dorce and Sunshine Masonry Construction LLC.
Further, the court grants the plaintiff's motion for disclosure of assets.
The Court
 By ___________________ Moran, J.