[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff Mark Krom (Krom) has brought an application for prejudgment remedy against Richard Atkinson (Richard) and Linda S. Atkinson (Linda) pursuant to Chapter 903a Connecticut General Statutes. Krom claims he is owed approximately fifty-nine thousand dollars ($59,000.) by Richard on two unsatisfied money judgments Krom obtained against Richard. Krom further claims a fraudulent conveyance by Richard in favor of Linda so as Richard to avoid Krom as his creditor.
C.G.S. § 52-278d (a) (1) imposes a probable cause standard of proof on the court in determining whether or not to grant the application for prejudgment remedy.
 "Proof of probable cause as a condition of obtaining a prejudgment remedy is not as demanding as proof by a fair preponderance of the evidence. "The legal idea of probable cause is a bona fide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it.' Wall v. Toomey, 52 Conn. 35, 36.
Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false. It is not necessary for the plaintiff to prove the cause by a fair preponderance of the evidence at the probable cause stage. McCahill v. Town CountryAssociates, Ltd., 185 Conn. 37, 39, 440 A.2d 801 (1931); Auqeri v. C.F.Wooding Co., 173 Conn. 426, 428-29, 378 A.2d 538 (1977). A prejudgment remedy proceeding "is not contemplated to be a full scale trial on the merits," and "it does not lead to a final decision in any sense. (Internal quotations omitted.) Babiarz v. Hartford Special, Inc.,2 Conn. App. 388, 393, 480 A.2d 561 (1984). In making its determination of probable cause, the court may consider both facts set forth in the CT Page 1109 plaintiff's affidavit and facts presented at the hearing. McCahill, supra, 185 Conn. 39; Fleet Bank of Connecticut v. Dowling,28 Conn. App. 221, 225, 610 A.2d 707 (1992), appeal dismissed,225 Conn. 447, 623 A.2d 1005 (1993) The probable cause standard applies not only to the factual issues, but to the legal issues as well.
Based on the credible evidence produced at the prejudgment remedy hearing[1] the court finds that Krom obtained a judgment against Richard on February 25, 2000 in the amount of $50,229.00 and a judgment against Richard on April 11, 1995 in the amount of $6923.00; both judgments to be paid in one-hundred dollar ($100) monthly payments on each judgment. Richard is presently current in his monthly payment yet the judgments are unsatisfied with a total balance of $59,350.00.
The court further finds that on or before 1976, Richard and Linda owned real estate identified as 236 Wheelers Farms Road, Milford, Connecticut in joint tenancy. In 1976, Richard conveyed his interest in said 236 Wheelers Farms Road to Linda. Richard testified this transfer was for "business reasons," to "protect the house" and estate planning. Linda continued to own said 236 Wheelers Farms Road until on or about June 10, 2002, at which time said 236 Wheelers Farms Road was sold incident to the purchase of real estate identified as 170 Platt Lane, Milford, Connecticut.
Gerald J. Hanrahan and Lorraine S. Hanrahan (grantors) conveyed said 170 Platt Lane to Richard E. Atkinson (Richard) and Linda S. Atkinson (Linda) as joint tenants with rights of survivorship. The basic terms of this transaction were: Purchase Price $445,000; Mortgage $295,000; Equity $150,000. The entire equity came from the sale of said 236 Wheelers Farms Road sold by Linda.
The terms of the mortgage loan required that Richard and Linda obligate themselves jointly and severally in the amount of $295,000 (plaintiff's exhibit 2) such obligation to be secured by a mortgage from both Linda and Richard (mortgagors) in favor of ABN AMRO MORTGAGE GROUP, INC. (mortgagees) (plaintiff's exhibit 3). Richard and Linda entered into such mortgage loan arrangement. Contemporaneous, but presumably immediately after entering into said mortgage loan arrangement, Richard transferred such interest he had in said 170 Platt Street to Linda by Quit Claim deed dated June 10, 2002.
Krom claims that said transfer of such interest that Richard had in said 170 Platt Street to Linda was a fraudulent conveyance to avoid satisfaction of payments due and owing to Krom.
CT Page 1110
"A party alleging a fraudulent transfer or conveyance "bears the burden of proving either: (1) that the conveyance was made without substantial consideration and rendered the transferor unable to meet his obligations; or (2) that the conveyance was made with a fraudulent intent in which the grantee participated.' (Internal quotation marks omitted) Connecticut National Bank v. D'Onofrio, 46 Conn. App. 199, 204, 699 A.2d 237, cert. denied, 243 Conn. 926, 701 A.2d 657 (1997). Further, the elements of fraudulent conveyance, must be proven by a heightened standard of proof, that of `clear, precise and unequivocal evidence.' (Internal quotation marks omitted.) Tyers v. Coma, 214 Conn. 8, 11, 570 A.2d 186
(1990); Picataggio v. Romeo, 36 Conn. App. 791, 793-94, 654 A.2d 382 (1995)."
Litchfield Asset Management Corp. v. Howell, 70 Conn. App. 133 (2002).
Based on the foregoing, the court is unable to form a bona fide belief that a fraudulent conveyance may have occurred for the following reasons:
1. The quit claim transfer merely repositioned the parties to their historical position of the previous 26 years, i.e Linda standing in sole ownership of the family home;
2. The plaintiff failed to demonstrate the quit claim transfer rendered Richard unable to meet his obligations;
3. The plaintiff failed to prove fraudulent intent on the part of Richard as Richard testified as to legitimate reasons for the transfer, i.e., estate planning and business reasons.
Therefore, the plaintiff's application for a prejudgment remedy is denied.
 ___________________ MORAN, J.